## JOHN W. McCARTY *vs.* MURTY LEARY.

Hampden.   Sept. 28. — Oct. 5, 1875.   AMES & DEVENS, JJ., absent.°

In an action for assault and battery, the defendant contended that the plaintiff, who
testified as a witness, was drunk at the time of the alleged assault and did not
know what took place, and cross-examined the plaintiff in relation thereto, and as
to his being drunk at other times, and the plaintiff admitted that he had been con-
victed of drunkenness a few days before the trial. The judge, before whom the
case was tried, allowed the plaintiff to put in evidence in rebuttal as to his general
reputation for sobriety. *Held,* that the evidence in rebuttal was incompetent, and
that the defendant had good ground of exception.

TORT for an assault and battery.

At the trial in the Superior Court, before *Rockwell,* J., the
plaintiff testified that the defendant assaulted him, and struck
him a severe blow with a slung-shot upon the head. The defend-
ant contended, among other things, that the plaintiff was drunk
at the time of the alleged assault, and did not know what took
place, so as to be able to testify in relation to the occurrence. He

cross-examined the plaintiff in relation thereto, and also asked him if he had not been drunk at other times, and the plaintiff admitted he had once been convicted of drunkenness a few days before the trial.

The defendant also contended that no slung-shot was used. The plaintiff, in putting in his case after this cross-examination, called W. G. Ham, who testified that he was chief of police in Holyoke, and had known the plaintiff for many years. The plaintiff asked him what was the general reputation of the plaintiff for sobriety. The defendant objected. The court overruled the objection, and the witness testified, that he never knew of his being out of the way in that respect. Ham also testified that the defendant told him that he did not use a slung-shot, but that he struck the plaintiff with his fist.

The plaintiff also called one Pierce, who testified he had seen the plaintiff at different times since he was hurt; that the man did not appear as he formerly had, that he seemed absent-minded and confused when he saw him, and that he had never seen him at these times in the least affected by liquor. To the admission of this evidence concerning the sobriety of the plaintiff the defendant objected, but the judge admitted it.

The jury found for the plaintiff; and the defendant alleged exceptions.

*G. M. Stearns*, for the defendant.

*H. B. Stevens*, for the plaintiff.

WELLS, J. It was not competent for the plaintiff to introduce evidence of his own reputation for sobriety, or his character and habits in that respect, for the purpose of proving that he was not drunk at the time he alleged that an assault was made upon him. *Heland* v. *Lowell*, 3 Allen, 407, and cases cited.

The inquiries put to him in cross-examination, in regard to his having been intoxicated at other times, being of matters immaterial to the issue, his answers would not have been open to contradiction. If they tended to show that he had been so intoxicated, proof of his general reputation, or of his character and habits, would not have removed the imputation which resulted from his own testimony on the stand. The mere suggestion of drunkenness at other times, implied by the course of the cross-examination of the plaintiff, did not open the matter to him for

the introduction of testimony not otherwise competent. The evidence being incompetent and calculated to influence the minds of the jury improperly upon the real question before them, we cannot regard it as immaterial. *Underwood* v. *Brown*, 106 Mass. 298.                                          *Exceptions sustained.*