Argued March 27, affirmed April 16, 1918.

## DIETRICH *v.* GIEBISCH.

(171 Pac. 1177.)

**Appeal and Error—Cure of Errors—Withdrawal of Evidence.**

1. Error, if any, in action for injuries to workman, in admitting testimony of his friends that he was sober and industrious, was cured by the court's emphatic withdrawal of such testimony.

**Damages—Injuries to Servant—Evidence—Admissibility.**

2. In action for injuries to servant, testimony that he was sober and industrious was admissible as bearing on the amount of damages to which he was entitled.

From Multnomah: Henry E. McGinn, Judge.

Department 1.

Plaintiff brings this action to recover compensation for personal injuries received while in the employ of the defendants. The complaint describes the nature of the employment, the fact that plaintiff in company with others was engaged in the construction of a "muck-stand," and that owing to defendants' negligence he was compelled to jump from the top of the muck-stand to the ground, a distance of eight or ten feet, to escape being crushed by a timber suspended from the boom of a derrick. The nature of the injuries received is described and, after appropriate and

necessary allegations of the details, there is the usual prayer for judgment.

The answer consists of general denials. A trial resulted in a verdict and judgment for plaintiff from which defendants appeal.                         AFFIRMED.

For appellants there was a brief over the names of *Mr. Bert W. Henry, Mr. T. S. Robinson* and *Messrs. Griffith, Leiter & Allen,* with an oral argument by *Mr. Henry.*

For respondent there was a brief over the names of *Mr. Julius N. Hart* and *Mr. James J. Crossley,* with an oral argument by *Mr. Hart.*

BENSON, J.—1, 2. The briefs and argument of appellants present but one question for our consideration. During the trial a witness for plaintiff was permitted over the objection of defendants to testify that he had known plaintiff between three and four years; that plaintiff had worked under him for about a year and during that time was sober and industrious. Subsequently another witness was called and plaintiff's counsel sought to elicit from him similar testimony but the court sustained an objection to the question and at that time very emphatically withdrew the testimony of the former witness from the consideration of the jury. Defendants insist that the evidence offered was inadmissible and that the withdrawal of its consideration from the jury was not potent enough to protect them from its influence upon the minds of the jury and they are therefore entitled to a reversal and a new trial.

If the evidence were in fact inadmissible nevertheless it was seasonably and emphatically withdrawn from the consideration of the jury and, according to the uniform decisions of this court, the error was cured.

But was there error in its admission? Counsel for appellant calls our attention to two authorities in support of his contention: 1 Wigmore on Evidence, Section 64, which lays down the general rule (subject to exceptions) that in civil cases character evidence is inadmissible; and *McCarty* v. *Leary,* 118 Mass. 509, a case of action for assault and battery, wherein the defendant contended that the plaintiff, who testified as a witness, was drunk at the time of the alleged assault and did not know what happened and upon cross-examination plaintiff admitted that he had been convicted of drunkenness a few days before the trial, and it was held to be error to admit evidence of his reputation for sobriety. Regarding the citation of Wigmore on Evidence, *supra,* it may be said that it is not applicable to the problem before us. There is a decided difference between the words character and habits as used in the books, a distinction which is observed by Mr. Wigmore at Section 66 of the volume above cited. As regards the case of *McCarty* v. *Leary,* the facts therein are so different from those of the case at bar, as to render it inapplicable.

It is to be noted that a man's habits of industry and sobriety are important elements in determining the amount of the damages he is entitled to recover for a personal injury. An eminent authority expresses it thus:

"The amount of damages must, of course, depend upon the calling in which the plaintiff was engaged, the amount of money which he was able to earn, the steadiness, regularity, etc., of his employment; and evidence of these facts is pertinent and admissible. And testimony to the effect that plaintiff's time was not spent in a useful occupation, but squandered in pleasure-seeking and dissipation, is admissible in miti-

gation of damages": 6 Thompson on Negligence, § 7287.

In 8 R. C. L., page 478, Section 41, the following rule is announced:

"In estimating such damages the jury should take into consideration the profession or business of the plaintiff; the effect of the injuries upon his ability comfortably to pursue such profession or business; the extent and seriousness of the injury; his previous earning capacity, or the fair value of services such as he was able to render; the probable duration of such capacity; his ability and disposition to labor; his skill and ability in his occupation or profession; his age; position in life; state of health; business and other habits; and his expenditures."

It is difficult to see how evidence of a man's habits and disposition to labor could be presented to a jury other than by the testimony of witnesses who have known him and can bear witness to his sobriety and industry. We therefore conclude that the judgment should be affirmed and it is so ordered.    AFFIRMED.

McBRIDE, C. J., BURNETT and HARRIS, JJ., concur.