## DWIGHT BILLINGS *vs.* FREDERICK A. BILLINGS.

An award made without hearing one of the parties is void as to him, unless he has agreed that there shall be no hearing.

A testator gave property in trust to pay the income to J. S. for his life, and then over, *Held*, that, under the Gen. Sts. *c.* 97, § 23, J. S. was entitled to the income from the testator's death.

A trustee who has intentionally appropriated to his own use the profits arising from the change of stocks in which the trust fund is invested, and from the rights to purchase new shares accruing to such stocks, should be removed from his trust.

BILL IN EQUITY against the trustee under the will of Samuel Billings, praying for an account, for the defendant's removal, and for further relief. The case was referred to a master, the material parts of whose report were substantially as follows :

Samuel Billings died in May 1868, leaving a will, proved in the following June, by which he gave $5000 to the defendant, in trust to invest it in productive stock, to pay the income to the plaintiff, who was the testator's nephew, during his life, and on his death to pay over the trust fund to Mary A. Cummings; he gave the residue of his estate, after payment of debts and legacies, to the defendant; and he appointed the defendant executor.

The estate of the testator at his death comprised a large number of shares of the stock of the Boston and Albany Railroad Company. Of these the defendant, soon after the testator's death, appropriated $34\frac{1}{3}$, which at $144, the market price, were worth $5000, to be the trust fund.

In July 1869 the company issued new shares, which the stockholders had a right to take at the par value of $100, at the rate of one new share for every five old shares held by them. The new shares were worth more than the par value, so that the right to subscribe was valuable, and such right, which accrued to the shares constituting the trust fund, was worth $312.50, and this sum ought to have become a part of the trust fund. But the defendant appropriated the right to his own benefit, by using it to take new shares on his own account.

The defendant, in October 1869, sold the $34\frac{1}{3}$ shares of the stock of the Boston and Albany Railroad Company, and, after paying expenses of sale, bought 5$ shares of the stock of the Pitts

burg, Fort Wayne and Chicago Railroad Company, at $85.87½ a share, and held them on the same trust. In May 1870 he sold 50 of these shares at $94.75 a share, amounting, less expenses of sale, to $4723.72, and on the same day purchased 33 shares of the stock of the Boston and Albany Railroad Company, for $4974.75, which now stand in his name as trustee.

He paid, in making this exchange, a balance of $251.03, and he also paid a succession tax to the United States of $100. For these two sums, amounting to $351.03, he was entitled to be reimbursed out of the trust fund. Deducting from this the sum of $312.50, the value of the right to subscribe for new shares of the Boston and Albany Railroad Company, wrongfully appropriated by him, there was left due to him the sum of $38.53. Of the remaining 9 shares of the stock of the Pittsburg, Fort Wayne and Chicago Railroad Company, one half of a share was needed to repay the defendant this $38.53; and the master found that the remaining 8½ shares were part of the trust fund.

A question arose between the plaintiff and defendant as to whether the income of the trust fund for the first year after the testator's death belonged to the one or the other, and they agreed orally to refer the point for decision to Henry Chapin, Esquire, as referee; but there was no agreement between them as to a hearing before him, or whether any notice of a hearing should be given to them. The plaintiff desired and understood that an opportunity to be heard should be given. The defendant understood that the referee was to decide the question on the will without a hearing. No hearing was had, and no notice thereof given, and the referee decided for the defendant. The master found that the award was not binding on the plaintiff, and that he had a right to the income from the testator's death.

The plaintiff was a person of feeble intellect, without skill or experience in business. The defendant was accustomed to business.

The defendant claimed not only the first year's income of the trust fund, but also the rights accrued on the shares of the stock of the Boston and Albany Railroad Company, and whatever remained of the shares of the stock of the Pittsburg, Fort Wayne

and Chicago Railroad Company, after the sale of a sufficient number to realize $5000 ; and these claims caused great embarrassment and delay in the proper execution of the trust. The defendant did not state a clear or satisfactory account of the income or profits of the trust, and, as residuary legatee, was opposed in interest to the plaintiff ; and, without asking the direction of the court, constantly acted on a construction of the will most favorable to his own interests.

The defendant alleged exceptions to the master's report, and the case was reserved by *Gray*, J., on the pleadings, master's report and exceptions, for the consideration of the full court.

*G. F. Verry*, for the defendant.

*G. F. Hoar & T. L. Nelson*, for the plaintiff.

CHAPMAN, C. J. One of the questions in controversy between these parties is whether interest on the legacy, given in Samuel Billings's will to the defendant in trust for the plaintiff, should commence at the time of the testator's decease. The parties agreed orally to submit the question to Henry Chapin, Esquire, as referee, and to abide by his award. The plaintiff understood that notice and an opportunity for a hearing were to be given to the parties ; but the defendant understood otherwise. No hearing was had, and no notice of a hearing was given ; and the referee decided against the plaintiff. The defendant contends that the award was decisive of the question. But a hearing is usually so important before the decision of a question, either of fact or law, that a party ought not to be concluded by an award, made without a hearing, unless he has agreed to such a course. If there is any reasonable doubt about it, the award should be held void.

The finding of the master is against the defendant, and as matter of law the interest should commence at the decease of the testator. Gen. Sts. *c.* 97, § 23. *Sargent* v. *Sargent*, 103 Mass. 297. We think the finding of the master is right, and that the award ought not to deprive the plaintiff of his right to the interest to which he is legally entitled.

The finding of the master is also correct, that the defendant ought to account for the value of the right to subscribe for the new stock in the Boston and Albany Railroad Company. The

legacy of $5000 was to be invested in productive stocks; and soon after the testator's death the defendant, being possessed of a large number of shares in that corporation, appropriated as many of them, at $144 per share, (that being their market price,) as would make the sum of $5000, namely, $34\frac{13}{18}$ shares. The right to subscribe for new shares at par, as well as the dividends, was incident to the ownership of the shares, and belonged to the *cestui que trust*, and should have been treated as his property. *Atkins* v. *Albree*, 12 Allen, 359. For the same reason, the $8\frac{1}{2}$ shares of the stock of the Pittsburg, Fort Wayne and Chicago Railroad Company, with the dividends thereon, should be accounted for.

A *cestui que trust* is entitled to have the management of the trust property confided to suitable persons, who will manage it for his interest; and there are a great variety of cases in which the court will remove a trustee appointed by a testator, and appoint one or more new ones. This subject is discussed in Perry on Trusts, §§ 275–279, 817, 818, 890, and the principal authorities are there cited. If the trustee misconducts himself, or deals with the trust fund for his own personal profit and advancement, or makes a grossly unreasonable claim upon the trust property, adverse to the *cestui que trust*, this constitutes a reason for removing him. A reasonable discretion should be exercised by the court; reasonable presumptions should be made in favor of the trustee; and regard should be had to his apparent disposition and intentions. In view of the statements contained in the master's report, we think the defendant should be removed from his trust, for having intentionally dealt with the fund with an improper regard for his own profit and benefit, and with a gross disregard of the interests of the *cestui que trust*. As this is a sufficient cause, we omit to discuss the other reasons alleged. The wrong is aggravated by the fact that the *cestui que trust* is without skill or experience in business, and of feeble intellect.

*Decree accordingly, with costs for the plaintiff.*