MARY E. SPARHAWK & another *vs.* GEORGE SPARHAWK.

A trustee under a will who deliberately mingles the trust funds with his own, withholding information from the *cestuis que trust*, as to the investment of them, will be removed, though he is the testator's son and the father of the *cestuis que trust*, and though the will directs him to pay to them the income, from time to time, as he thinks best, and exempts him from giving bonds.

APPEAL by the respondent from a decree of the judge of probate of the county of Middlesex, removing him from his office as trustee under the following clause of the will of Edward Sparhawk : " Second. I give to my grandchildren, Mary E. Sparhawk and Catherine L. Sparhawk, each the sum of five thousand dollars ; which sums are to be held in trust for them by their father, George Sparhawk, until they respectively arrive at the age of thirty years, when I direct him to pay said bequests over to them

respectively. But I further direct him to pay to them, from time to time, the income of said bequests as he shall think best; and, in case of the marriage of either of them, he may, upon such marriage, pay the sum of one thousand dollars of the principal sum to the legatee so marrying. If either of said grandchildren should die before arriving at the age of thirty years, her share to go to her sister, so far as it is then unpaid. If both die before arriving at the age of thirty years, the whole legacies to go to their father, George Sparhawk. I request that no bonds be required of him as such trustee under this clause of my will."

At the hearing, before *Endicott*, J., the appellant, who was the son of the testator and the father of the petitioners, was called as a witness by them. He testified that he received from Edward Sparhawk's estate, as trustee under the above clause, the sum of $9900, being the sum of $10,000 therein named, less the legacy tax of $100; that of the $9900, thus received, he invested $4500 in five Union Pacific Railroad gold-bearing bonds of $1000 each at 90; and $4500 in five Portland Water Loan bonds of $1000 each, also at 90; that the balance, $900, he never invested; that afterwards, he sold the Union Pacific Railroad bonds at 80, receiving $4000 for the same; and four of the Portland Water Loan bonds, also at 80, receiving $3200 for them; that the other he still held; that the balance of $900, and the proceeds of the sale of the bonds, he invested in various ways in his own name, and held it with his other money and property; that the fund was not invested in his name as trustee, but was in his hands with his other funds, or invested with his other money; that he treated it the same as his own, though responsible to the petitioners, and paid them the interest on the bonds up to October, 1871; but that since that time, he had paid them no interest or income; that he could not tell what he did with this money, or how he invested it, only that it was so much money in his hands, on which he was to pay interest. The appellant claimed that he had a right, under the provisions of the above clause, to deal with the trust fund in this manner, and that it was discretionary with him when and in what amounts he should pay the income of the fund to the petitioners.

Upon these facts, the judge dismissed the appeal, and affirmed the decree of the judge of probate, and at the request of the appellant, reported the case for the decision of the full court.

*H. G. Parker*, for the petitioners.

*G. Sparhawk, pro se.*

GRAY, C. J. This is a very clear case. It is one of the primary duties of a trustee to keep the funds of the trust separate from his private funds, and not, by mingling them together, to expose the trust funds to the risks to which his own property may become liable. The appellant has violated this duty, and by his own statement has done so deliberately, and withholds information of his investments from the *cestuis que trust.* He was exempted by the will from giving bonds, and they have therefore no security against loss through his malfeasance. The fact that he is their father and the son of the testator affords no ground of excuse or apology for his breach of trust.

*Decree affirmed, with costs.*