CHARLES R. BATT *vs.* MARY F. MALLON.

Suffolk.    March 21, 1890. — May 10, 1890.

Present: FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Deed to Trustee — Title — Specific Performance.*

Land was conveyed to a " trustee for " a married woman as sole beneficiary, and
to " his successors and assigns "; he devised it to his wife for life, with remainder
to such married woman; and she survived the wife and devised it to her daugh-
ters, by whom it was conveyed to a third person.   Confirmatory releases were
given to such grantee by the grantor of the original trustee, and by a trustee
duly appointed for that purpose to succeed the latter; and the trust was then
terminated upon due proceedings had.   *Held,* that the grantee could convey a
title good beyond a reasonable doubt.

BILL IN EQUITY, filed December 20, 1889, for specific per-
formance by the defendant of her agreement to purchase land.
Hearing before *Holmes,* J., who reserved the case for the con-
sideration of the full court, in substance as follows.

The agreement in question provided that the land should be
conveyed by the plaintiff to the defendant " by a good and suffi-
cient deed, conveying a good title, or no sale."   The title of the
plaintiff was derived as follows.   On November 21, 1860, Charles
F. Bray, trustee under the will of James A. Dixon, conveyed
the land in question by a deed duly recorded to William H.
Vincent, " trustee for Mrs. Sarah Ellen Dexter," and to " his
successors and assigns," habendum " to the said W. H. Vincent,
trustee, his successors and assigns, to their own use forever."
Vincent died in 1876 without having conveyed the land, and de-
vised all his property, save certain specific legacies of personal
property, to his wife for her life, and at her death " the same is
to be conveyed to my sister Sarah Ellen Dexter for the benefit
of herself and children."   Mrs. Dexter survived Mrs. Vincent,
and died on March 2, 1889, having devised all her estate to her
two daughters, who were her only heirs, and who in turn conveyed
the land to the plaintiff.   The trustees who succeeded Bray un-
der the will of James A. Dixon, and Cordelia Tremlett, the sole
heir and *cestui que trust* under such will, gave quitclaim deeds
to the plaintiff in confirmation of the conveyance of Bray.

The defendant refused to accept a deed tendered by the plaintiff in pursuance of his agreement, on the ground that the title was defective " on account of the danger of a trust turning up, of which we have notice by Bray's deed to Vincent, trustee, and of the terms of which we are ignorant." Diligent search and inquiry in the registry of deeds and registry of probate, and among all who might know anything about the matter, failed to bring to light any other declaration of trust, or evidence or intimation thereof. After the bill was filed, the Probate Court of the county of Suffolk, a general citation having been issued by publication to all parties interested, duly appointed a trustee in the place of Vincent under the deed from Bray, as well as a guardian *ad litem* of all persons unborn or unascertained, who might be or might become interested under the trust set forth in that deed, and ordered the trust to be terminated, and, with the consent of the guardian *ad litem*, a release of the land to be given to the plaintiff, which was thereupon done. It was agreed that the probate proceedings should have the same effect as if had and completed before the tender of the deed by the plaintiff to the defendant, and before the bill was filed.

If the above facts did not constitute a material defect in the title, a decree was to be entered for the plaintiff; otherwise, for the defendant.

*F. V. Balch & F. Rackemann*, for the plaintiff.

*F. Ranney*, for the defendant.

DEVENS, J. The Dixon will, as it has been termed, is not before us, but it is assumed by both parties that Bray, who was the trustee thereunder, and his successor, had full right to convey in fee the premises, the title to which has been discussed in the case at bar. If the deed made by him to William H. Vincent, " trustee for Mrs. Sarah Ellen Dexter," and to " his successors and assigns," did not pass an absolute fee, but an estate for the life of Mrs. Dexter only, so that, if the title of Vincent is vested in the plaintiff, it would not be an absolute fee, yet the confirmatory release from Bray's successor in the trust under the Dixon will, and that from Cordelia Tremlett, the sole heir and *cestui que trust* under the Dixon will, to the plaintiff, must have transferred to him all title to any trust resulting to the Dixon estate. *McElroy* v. *McElroy*, 113 Mass. 509.

It is also clear that the plaintiff has all the title both of Vincent, the trustee, and Mrs. Dexter. By Vincent's will he devised all his real estate to his wife for life, the remainder to Mrs. Dexter for the benefit of herself and children. Vincent having deceased, and subsequently Mrs. Vincent, any possible life estate of Mrs. Vincent has terminated. Mrs. Dexter has now also deceased, having devised all her estate to her two daughters, who were her only heirs, and who have conveyed to the plaintiff.

The bill in the case at bar is for a decree requiring the defendant to perform specifically her contract to purchase these premises, which is resisted by her upon the allegation that the title offered by the plaintiff is defective, the agreement of sale requiring that the premises should be conveyed " by a good and sufficient deed, conveying a good title." After the tender of the deed to the defendant, proceedings were had by which, after full notice, a decree was passed by the Probate Court of Suffolk County, appointing a trustee in place of Vincent, deceased, terminating the trust, and directing a confirmatory release to the plaintiff, which release has since been made. These proceedings, by agreement of counsel, are to be taken as if completed before the tender. *Weed* v. *Donovan*, 114 Mass. 181.

The defendant objects that the trusts on which Vincent held may at some future time be proved to have included other beneficiaries beside Mrs. Dexter, who may hereafter make successful claim to the estate. It is agreed by the parties, that, if under the facts and circumstance the trust to Vincent does not constitute a material defect in the title, the decree is to be entered for the plaintiff. It is suggested by the defendant that there may be some instrument or deed of trust, and that such is implied by the deed to Vincent as trustee, under which there may be equitable rights in persons other than Mrs. Dexter, and that thus the title is clouded. As she was the only person named for whom Vincent held in trust, it is only by some effort that any ulterior or more remote trust can be imagined. Every reasonable attempt appears to have been made to ascertain whether there was or could have been any other trust than that for Mrs. Dexter, and none such has been disclosed, nor has there been evidence of any. The trust in the deed to Vincent was complete

in itself; it named the subject of the trust, the trustee and the *cestui que trust*, and the only trust disclosed has been extinguished by the vesting of the estate in the *cestui que trust*. Even if the trust for Mrs. Dexter was for life only, the word "heirs" not being mentioned in connection with Mrs. Dexter's name, it was not the less a definite trust for her alone, so far as it was disclosed, and any estate beyond, if any there was, the plaintiff has by the confirmatory deed from the successor of Bray, the original trustee under the Dixon will.

Again, a *bona fide* purchaser for value of the premises under the title now offered would be protected by the statute which enacts that "no trust concerning lands, whether implied by law or created or declared by the parties, shall defeat the title of a purchaser for a valuable consideration and without notice of the trust." Pub. Sts. c. 141, § 3. The only trust of which there is notice, or as to which there is anything to put a purchaser on inquiry, was definite and complete on its face, and has been extinguished. If there was any other trust than that for Mrs. Dexter, so far as it was possible this has terminated by the decree of the Probate Court, after full public notice and the appointment of a guardian *ad litem* to represent all parties who might then or thereafter be interested, ordering the trustee appointed in place of Vincent to release to the plaintiff.

Under all the circumstances, we think the plaintiff has offered the defendant a title which is good beyond a reasonable doubt. *Sturtevant* v. *Jaques*, 14 Allen, 523. *Smith* v. *Burgess*, 133 Mass. 511, 513.

*Decree for the plaintiff.*