EDWIN B. HALE, trustee, *vs.* CHARLES BLANCHARD.

Middlesex.    March 31, 1922. — June 30, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Probate Court,* Jurisdiction, Appeal.    *Equity Jurisdiction,* Mistake.    *Supreme Judicial Court,* Briefs, Record.

Upon an appeal to this court from a final decree of the Probate Court, where there is no report of evidence or of facts found by the trial judge, nothing is open but the question, whether the Probate Court had jurisdiction and power to make the decree upon any evidence that might have been adduced under the petition.

In a petition in the Probate Court by a trustee under a will, the petitioner alleged in substance that through a mistake of the parties certain land was omitted from that described in a former petition filed by him for the sale of land, from a

decree issued thereon and from a deed made to carry out a sale made in accordance with that decree, and that the price paid by the purchaser was full, fair and reasonable for the entire tract meant to be sold. The prayer of the petition was for leave to release to the purchaser "any vested, contingent, or possible right or interest in" the land omitted from the description in the former petition, decree and deed. Upon an appeal from a decree granting the petition, there was no report of evidence and no findings of facts by the judge of probate. *Held,* that

(1) If there was evidence to support the allegations of the petition, it was plain that there was such mistake in the earlier deed and such part performance of the contract of purchase as would entitle the grantee to relief in equity;

(2) It not appearing on the face of the record that there was want of equity in the bill, and the decree conforming to the frame of the bill, the decree was affirmed.

This court cannot consider facts printed in a brief, which are there stated to have appeared at the hearing before the tribunal whose rulings are being reviewed but which are not a part of the record transmitted from that tribunal.

PETITION, filed in the Probate Court for the county of Middlesex on February 8, 1921, by the trustee under the will of Charles H. Blanchard, late of Lexington, for leave to release to Walter K. Hutchinson "any vested, contingent, or possible right or interest in any and all land in said Lexington and said Arlington to which he had title as trustee as aforesaid, expressly including" certain land specifically described, which the petitioner alleged was omitted by mistake from a former petition for leave to sell land to Hutchinson, from the decree granting that petition and from the deed of the trustee made in accordance therewith.

The petition was heard by *Lawton,* J., no commissioner having been appointed to take the testimony. By order of the judge, a decree was entered granting the petition. An heir of the testator appealed. There was no report of facts by the trial judge.

G. L. c. 204, § 4, reads as follows: "An executor, administrator, guardian, conservator or trustee may, after the notice required upon a petition by him for a license to sell real estate, be authorized by the Probate Court to release and discharge, upon such terms and conditions as may appear to be proper, a vested, contingent or possible right or interest, if such release or discharge appears to be for the benefit of the person or estate which he represents."

*C. Blanchard,* appellant, *pro se.*

*J. G. Brackett,* for the appellee.

RUGG, C. J. This is a petition by the trustee under the will of Charles H. Blanchard for leave to release to one Hutchinson any

vested, contingent or possible right or interest which he as trustee may have in certain real estate therein described. The petition avers that, pursuant to a previously granted license to sell real estate, it was the intention of the trustee to sell to said Hutchinson all the real estate in Arlington and Lexington belonging to the trust, that the consideration paid therefor was the full, fair and reasonable value of the entire tract, that by mutual mistake a portion of that tract was not included in the conveyance, that subsequent to the delivery of the deed the grantee entered into possession of the entire tract both in Arlington and Lexington, title to which theretofore was in the trustee, and has expended large sums of money in making improvements thereon and has paid the taxes thereon, and that said Hutchinson was about to institute proceedings against the trustee to compel conveyance of the remainder of the entire tract, part of which by accident and mistake thus had been omitted from the conveyance. Citation issued on this petition and was duly served according to the return of service. Decree was entered in accordance with the prayer of the petition, from which one of the children and residuary legatees of the testator appealed. There is no report of evidence and no finding of facts by the judge of probate. The case comes up simply on appeal from final decree. Nothing is open on such an appeal but the power of the court to make the decree upon any evidence that might have been adduced under the petition. *Robinson* v. *Dayton,* 190 Mass. 459. *Jordan* v. *Ulmer,* 237 Mass. 577. If there was evidence to support the allegations of the petition, it is plain that there was such mistake in the earlier deed and such part performance of the contract of purchase as would entitle the grantee to relief in equity. *Williams* v. *Carty,* 205 Mass. 396. *Davis* v. *Downer,* 210 Mass. 573. *Tracy* v. *Blinn,* 236 Mass. 585. Therefore, it does not appear on the face of the record that there was want of equity in the bill, and the decree conforms to the frame of the bill. That is all that is open. *First Baptist Society in Brookfield* v. *Dexter,* 193 Mass. 187, 189.

The appellant and one of his brothers, both of whom are laymen, conducted the case before us without the aid of counsel. They have printed in their brief numerous facts which are said to have appeared at the hearing. But these are quite outside the

record and under well settled rules we cannot consider them nor determine how they might affect the result if they had been found as facts in the Probate Court.

*Decree affirmed.*