## WALTER K. HUTCHINSON *vs.* ROGER BLANCHARD & another.

Middlesex.    November 13, 1923. — January 4, 1924.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Probate Court,* Jurisdiction.    *Trust,* Sale by trustee under license of Probate Court.

A will placed certain real and personal property in trust to pay the net income to life beneficiaries and upon the death of the last life beneficiary to make over and convey the trust estate to the children of the testator. The trustee was given full power of investment and reinvestment and sale in his discretion. On May 22, 1919, he filed a petition in the Probate Court for leave to sell certain real estate at private sale for the purpose of procuring funds to satisfy a mortgage on other property of the trust, and leave and license were granted on June 10, 1919. No appeal was taken therefrom. By mistake the description in the petition and license did not include all the property that was intended to be conveyed, and on February 8, 1921, the trustee filed a further petition in the Probate Court for leave to release any vested, contingent or possible right or interest in the entire estate intended to be conveyed. The petition was allowed and the decree of the Probate Court was affirmed by rescript of this court. On June 8, 1919, the last beneficiary for life died. Upon a petition by the purchaser under license of the Probate Court for the registration of his title in the land, it was *held,* that

(1) When the decrees of the Probate Court were entered, it was a court of superior and general jurisdiction with reference to the matters it had under advisement, and its decrees could not be attacked collaterally;

(2) It must be assumed on the record that all persons interested and having a right to be heard were actively or constructively before the Probate Court when it entered its decree and granted a license to sell the real estate described in the petition;

(3) No persons who might have been heard upon the petition and no persons who had had an opportunity to appeal from the decrees but had not done so could again question the jurisdiction of the Probate Court to make the decrees that were made.

PETITION, filed in the Land Court on October 26, 1922, for registration of the title to certain land in Arlington and Lexington.

The petition was opposed by Roger Blanchard and Earl Blanchard. The case was heard in the Land Court by *Davis*, J. Material facts found by the judge and stated in his decision are described in the opinion. The judge of the Land Court ruled " that title in fee to the land in question passed to Edwin B. Hale as trustee under the will of Charles H. Blanchard, that the Probate Court had jurisdiction to authorize the sale to the present petitioner and the later release, that the deeds to the petitioner from the trustee were valid, and that title is now in the petitioner; " and he ordered a decree for the petitioner. The respondents appealed.

*R. Blanchard, pro se.*

*J. G. Brackett,* for the petitioner.

PIERCE, J. This is a petition to the Land Court for the registration of three parcels of land, situate in Arlington and Lexington in the county of Middlesex, which lands were by deeds of grant and release conveyed to the petitioner, Walter K. Hutchinson, by Edwin B. Hale, Esquire, trustee under the will of Charles H. Blanchard and acting under alleged licenses of the Probate Court for the county of Middlesex.

Mr. Hale, in succession to one George B. Bigelow, then deceased, was appointed trustee under the will of Charles H. Blanchard in 1901, and duly qualified. The will gave to said Bigelow and his heirs, executors and administrators, all his real and personal property in trust, to pay to L. Josephine Wilson one sixth of the net income from said trust estate during her natural life; and during the natural life of said Josephine to pay five sixths of such net income to his children by her. The will provided further that " Upon the decease of said L. Josephine Wilson " I direct all of the trust estate with any accumulation be made over and conveyed to our said children. The will gave " said trustee full power to change investments at pleasure." The testator appointed said Bigelow the executor of his will and empowered " the

executor and the trustee under this will, whenever it may seem to him discreet and for the interest of the trust to sell, mortgage and convey any and all of the real or personal estate that I may leave, or may be held by said trustee, upon such terms and conditions as he may deem proper. . . . The proceeds of any such sale or mortgage to be used in satisfying any indebtedness of mine outstanding or any mortgage on any of my estate and the balance to be held upon the same trusts as the property hereby devised in trust."

For the purpose of satisfying an outstanding mortgage given by the testator on certain real estate in Boston, held by the trustee, the trustee on May 22, 1919, petitioned the Probate Court for license to sell all the real estate described in the petition for registration to said Hutchinson for $6,000. The license was granted. Hutchinson paid the agreed price, which was fair and reasonable for the entire estate, and received of the trustee a deed which followed the description of the land in the petition and license but did not include, through mistake, the entire estate which the parties intended should be conveyed. Subsequent to the conveyance, Hutchinson entered into possession of the entire estate and expended large sums in improvements and paid the taxes thereon. In consequence of a notification that Hutchinson was about to institute proceedings to compel a conveyance of the remainder of the tract, the trustee, reciting the facts, petitioned the Probate Court on February 8, 1921, for leave to release any vested, contingent or possible right or interest which the trustee had in the entire estate. The petition was allowed. An appeal was taken to this court by a brother of the present respondent. The decree was affirmed, the decision being reported as *Hale* v. *Blanchard*, 242 Mass. 262.

At the hearing for registration it appeared that L. Josephine Wilson, the beneficiary for life, died June 8, 1919, two days before the decree granting the first petition to sell. It is the contention of the present respondent that under the will the trustee had no possible right or interest in any of the Blanchard property upon the death of the life tenant, other than to " make over and convey " to the children of said Blanchard the estate which he held in trust under said will.

The present respondent further contends that the Probate Court had no jurisdiction to grant the trustee a license to sell, and that the deeds to the petitioner are invalid.

The devise of " all the real estate " to Bigelow and his heirs, executors and administrators, gave to him and to his successor in office a fee in the real estate described in the will, in trust.    Pub. Sts. c. 141, §§ 5, 6, now G. L. c. 203, §§ 5, 6.    The Probate Court when the decrees were entered was a court of superior and general jurisdiction with reference to all cases and matters in which it had jurisdiction, R. L. c. 162, § 2; G. L. c. 215, § 2, and its decrees cannot be attacked collaterally.    *Taylor* v. *Badger,* 226 Mass. 258, 262.    *Renwick* v. *Macomber,* 233 Mass. 530, 532, 534.    By St. 1907, c. 262, the Probate Court " upon petition of a trustee or other person interested " after notice, was given authority to order a sale, conveyance, transfer or exchange of real estate held in trust if it appeared to be necessary or expedient " although the instrument creating the trust contains a power authorizing the petitioner to make such sale and conveyance."    When the petition for license to sell all the real estate of the testator was filed in the Probate Court on May 22, 1919, that court had jurisdiction under the statute of 1907 of the subject matter, and, upon notice duly served, of all parties having an interest in the sale of the estate.    It must be assumed on the record that all parties interested and having a right to be heard were actually or constructively before the court when it entered its decree and license to sell the real estate described in the petition.    No appeals from said decrees were taken to this court and the decrees stand in this regard in force and unrevoked.

The conveyance under the decree and under the will failed through mutual mistake to effectuate the Probate Court decree to a degree which, this court declared in *Hale* v. *Blanchard, supra,* warranted the action and second decree of the Probate Court.    No person who might have been heard upon the petition, and no persons who had an opportunity to appeal from the decrees but did not, can again question the jurisdiction of the court to make the decrees that were in fact made.    It results that the ruling of the

Land Court " that the deeds to the petitioner from the trustee were valid, and that title is now in the petitioner " was right.

*Order for decree for petitioner affirmed.*