MARGARET A. DONNELLY *vs.* GLACIER SAND & STONE COMPANY, INC.

Worcester.    December 12, 1973. — June 19, 1974.

Present: HALE, C.J., ROSE, KEVILLE, GRANT, & ARMSTRONG, JJ.

*Contempt.    Equity Pleading and Practice,* Contempt proceedings, Appeal, Decree.    *Interest.*

Where a decree in an equity proceeding ordered the respondent to pay a certain part of the cost of real estate repairs, but did not adjudicate the amount thereof, it was error, on a subsequent peti- tion for contempt, to enter a decree not only adjudicating that amount but also holding the respondent in contempt for non- payment thereof.    [369-370]

Where the respondent in an equity proceeding was liable to pay a certain part of the cost of real estate repairs, it was in the circum- stances error to include in the total cost of the repairs interest paid by reason of late payment of a repair bill and interest on account of money borrowed.    [370-371]

A party to a proceeding in equity who has not appealed from a decree entered in the trial court cannot seek to have the decree

---

made more favorable to him when the proceeding comes before this court upon another party's appeal. [371-372]

Where, about eight months after a demand for payment of money, a decree was entered in an equity proceeding ordering the respondent to pay it "plus interest at the rate of 4%," this court on appeal ordered the decree modified by striking out such quoted words and by substituting therefor the words "with interest from . . . [the date of demand]" and the amount thereof calculated at the rate of six per cent per annum. [372]

CONTEMPT PETITION filed in the Probate Court for the county of Worcester on December 16, 1970.

The case was heard by *Wahlstrom, J.*

*James E. Wallace, Jr.* (*Grafton J. Corbett* with him) for the respondent.

*Henry C. Donnelly* for the petitioner.

ROSE, J. The respondent appeals from a decree entered in a Probate Court in 1971 on a petition for contempt of a provision of a decree entered in the same court in 1963. The pertinent provision of the 1963 decree ordered the respondent (subject to an exception no longer material) to pay two-thirds of the cost of certain roof repairs to be made thereafter by a realty trust controlled by the petitioner. The 1971 decree (a) determined the total cost of the roof repairs to be $94,078.68, and the respondent's two-thirds share thereof to be $62,719.12, (b) ordered payment of the latter amount "plus interest at the rate of 4%," and (c) held the respondent guilty of contempt of court for its failure to make that payment.

While a decree for the payment of money may be enforced by process for contempt, the amount payable by the respondent under the roof-repair provision of the 1963 decree was not then ascertainable and was not even submitted for adjudication until the contempt petition was filed. Contrast *Boyer* v. *Bowles,* 316 Mass. 90, 93-94 (1944). The probate judge erred in determining that amount and holding the respondent in contempt for nonpayment thereof in one and the same decree. See

*Crystal, petitioner,* 330 Mass. 583, 587-590 (1953); *Corcoran* v. *Commonwealth,* 335 Mass. 29, 35-36 (1956). Only after a reasonable time following the entry of a decree determining the amount due could there be such "a clear and unequivocal command and an equally clear and undoubted disobedience" as to justify holding the respondent guilty of contempt. *United States Time Corp.* v. *G. E. M. of Boston, Inc.* 345 Mass. 279, 282 (1963).

The respondent's remaining arguments are directed to the amount determined to be owed by it in the 1971 decree. Since no question has been raised by the parties as to the propriety of including such a determination in a decree on a petition for contempt, and since the hearing on the petition was devoted almost entirely to the issue of the amount owed, we treat that determination as properly within the scope of the petitioner's prayer for general relief. Cf. *George* v. *Coolidge Bank & Trust Co.* 360 Mass. 635, 641 (1971).

The evidence is reported, but the judge entered no findings of fact. The entry of that portion of the decree fixing the total cost of the roof repairs at $94,078.68 and awarding the petitioner $62,719.12 "plus interest at the rate of 4%" therefore imports a finding of every fact, permissible on the evidence, to support the judge's conclusion. *United Tool & Industrial Supply Co. Inc.* v. *Torrisi,* 356 Mass. 103, 104 (1969). An examination of the evidence discloses that the judge necessarily arrived at the $94,078.68 figure by including certain interest payments made by the petitioner in late 1970 to third persons: $1,543.10 to Francis Harvey & Sons, Inc. (Harvey) by reason of late payment of Harvey's roof-repair bill, and $2,161.25 to Guaranty Bank & Trust Company (the bank) on account of money borrowed by the petitioner, at an undisclosed time and in an undisclosed amount, which she vaguely characterized as having been "in reference to payment of the roof repairs." These interest items were erroneously included, as we do not regard them as proper costs of the roof

repairs mandated by the 1963 decree, and they are not recoverable as damages for any failure on the respondent's part to pay its share of those costs as they fell due. The only damages so recoverable are in the form of interest at the rate of six per cent per annum (G. L. c. 107, § 3) on the respondent's share of the costs (see *Winchell* v. *Plywood Corp.* 324 Mass. 171, 181 [1949]) from the date of demand therefor (*Vaughan* v. *Lemoine,* 330 Mass. 83, 88 [1953]). Restatement: Contracts, § 337. We infer from the evidence that the "interest at the rate of 4%" assessed against the respondent was based on a finding that demand was made upon the respondent on May 27, 1970 — approximately eight months before the entry of the 1971 decree — and that the judge arrived at the rate of four per cent by applying the two-thirds fraction of the year involved to the statutory annual rate of six per cent. The share of the interest paid to Harvey and the bank was therefore charged improperly to the respondent for the additional reason that it was duplicative of the interest charged by reason of the respondent's failure to pay upon demand.

The remainder of the $62,719.12 charged to the respondent is supported by evidence of the roof-repair expenses actually incurred by the petitioner. There was evidence that considerable difficulties were encountered in tracing the cause of the recurring leaks in the roof and in finding an effective remedy at minimum cost. We cannot say that the judge was plainly wrong (see *United Tool & Industrial Supply Co. Inc.* v. *Torrisi, supra*) in concluding that the expenses incurred were not so "extravagant and unnecessary" as to bar recovery of the respondent's share thereof. *Lynch* v. *Culhane,* 237 Mass. 172, 174 (1921).

Other possible defects in the 1971 decree have not been argued by the respondent within the meaning of Rule 1:13 of the Appeals Court, 1 Mass. App. Ct. 889 (1972), and we treat them as waived. See *Lolos* v. *Berlin,* 338 Mass. 10, 13-14 (1958). Nor do we consider issues

raised by the petitioner in an effort to obtain a decree more favorable to herself, as she did not appeal. *McAleer* v. *Board of Appeals of Barnstable,* 361 Mass. 317, 320 (1972).

The decree is to be modified as follows: (a) by striking so much thereof as holds the respondent guilty of contempt of court; (b) by reducing the $94,078.68 found to be the total cost of the roof repairs by the amount of the interest paid to Harvey and the bank (i.e., by $3,704.35), and by reducing the $62,719.12 charged to the respondent as its share thereof by two-thirds of that interest figure (i.e., by $2,469.57); and (c) by striking the words "plus interest at the rate of 4%" and substituting therefor the words "with interest from May 27, 1970," followed by the amount of such interest at the rate of six per cent per annum on the respondent's share of the roof-repair costs, as reduced, stated in dollars and cents. *Boyer* v. *Bowles,* 316 Mass. 90, 95 (1944). As so modified the decree is affirmed. Costs of appeal are not to be taxed in favor of either party.

*So ordered.*