DOUGLAS S. MAHONEY *vs.* ANNE E. MAHONEY & others.[1]

Hampden.    December 20, 1976, September 12, 1977. — December 19, 1977.

Present: HALE, C.J., KEVILLE, GOODMAN, GRANT, ARMSTRONG, & BROWN, JJ.

*Trust,* Creation, Removal of trustee, Counsel fees.  *Practice, Civil,* Review of interlocutory action.

A testamentary instrument, read as a whole, clearly evinced an intention by the testator to create a trust despite provisions which authorized the trustee, who was also the income beneficiary, to invade principal if the income were insufficient to provide for her comfort and happiness and which authorized her to pay income over to two others "without imposing any trust or obligation on [her] . . . as a beneficiary hereunder." [723-724]

Findings that a trustee of a testamentary trust could not be relied upon to administer the trust fairly and dispassionately and that she lacked the knowledge and competence to act as trustee were not clearly erroneous and warranted the judge's decision to appoint another as trustee. [724-725]

An order of a Probate Court modifying a preliminary injunction restraining a trustee from transferring or disposing of trust assets to allow the trustee to exchange shares of one bank for shares of

---

[1] Stephen A. Mahoney, III, and Park National Bank of Holyoke. Anne E. Mahoney was the wife of the testator Stephen A. Mahoney at the time of his death in 1969. Stephen A. Mahoney, III, and Douglas Mahoney were sons of the testator by two prior marriages.

another under a plan of exchange approved by the boards of directors of both banks was interlocutory and not subject to appellate review. [725-727] KEVILLE, J., concurring.

BILL IN EQUITY filed in the Probate Court for the county of Hampden on July 25, 1972.

The case was heard by *Placzek*, J.

*Burton S. Resnic* for Douglas S. Mahoney.

*Henry A. Moran, Jr.,* for Anne E. Mahoney.

ARMSTRONG, J. This case is before us on two appeals, which were argued at different sittings. The first, by the plaintiff, was taken from an order of a probate judge made on October 3, 1975, which modified a preliminary injunction so as to permit shares of the Park National Bank of Holyoke to be exchanged for shares of the Western Bank & Trust Company of West Springfield pursuant to a plan of exchange approved by the boards of directors of both banks. The second appeal was taken by the defendant Anne E. Mahoney from the final judgment, which declared that she did not own those shares outright but rather held them subject to a trust.

The controversy has its origins in an instrument drawn by one Stephen A. Mahoney of Holyoke, not a lawyer, which was executed on September 1, 1961. It was entitled "Stephen A. Mahoney Testamentary Trust." The opening paragraph states, "I . . . make this my last will and hereby revoke all testamentary dispositions heretofore made by me," and the first numbered clause nominates "my wife, Anne Elizabeth Mahoney, and my son Stephen Andrew Mahoney III to be executors of my will." The fourth numbered clause "give[s] [and] devise[s] . . . [a]ll of my estate . . . to my wife, Anne Elizabeth Mahoney, IN TRUST for the . . . purposes . . . [of] provid[ing] continued operation of the Park National Bank of Holyoke . . . of which I own the controlling interest, and to provide an income for my wife, Anne Elizabeth Mahoney, for her life as well as an income, if possible, for my sons, Douglas Mahoney . . . and Stephen A. Mahoney, III . . . ." The greater part of the instrument dealt with the trust thereby created, one clause

of which provided that should Stephen A. Mahoney, III, wish to assume responsibility for the management of the bank, the voting power of the shares held in trust should be used to elect him to the board of directors and to the presidency of the bank; and if Stephen should not wish to assume that responsibility, "then the Trustee has the power and right to appoint Douglas Mahoney an officer and director of said bank; upon demonstration of his ability to assume a responsible position therein, the Trustee may then, in her sole discretion," employ the voting power of the shares so as to cause Douglas Mahoney to be made president of the bank. The trustee was given a broad power to sell both real and personal property in the trust fund, and "[t]o exchange property for other property on such terms as she deems advisable." The trustee was also given discretionary authority "to participate in any plan of reorganization or consolidation or merger involving any company ... whose stock ... shall be part of the fund ...."

Stephen A. Mahoney died on November 27, 1969. The instrument described was allowed as his will on December 30, 1969, and the defendant Anne E. Mahoney qualified as executrix of the will. She filed an inventory on November 30, 1970, which indicated that most of the estate's assets were held in the form of shares of corporate stock, with the shares of the Park National Bank accounting for approximately one third of the total value of the estate. Even before that date, however, she had embarked on a program of distributing all assets of the estate to herself, not as trustee, but as an individual, taking from the outset, apparently, a position pressed in this action in the Probate Court: namely, that the "trust" mentioned in the will was not such in legal contemplation, and that any obligation imposed on her by the will was moral rather than legal in nature.

This action was commenced by a bill in equity filed by Douglas S. Mahoney on July 25, 1972. The action sought to establish the existence of a trust, to compel Anne E. Mahoney to transfer the assets of the estate from herself to the trust, and to remove her as trustee. The plaintiff

sought and obtained a preliminary injunction restraining her from transferring or disposing of any property described in the inventory. On April 18, 1973, after a hearing at which evidence was taken, the probate judge found and ruled that the defendant Anne E. Mahoney held the property described in the inventory as constructive trustee, and ordered that she "hold the same for the purpose of transferring all said property to a trustee under the express trust" established by the will. A further evidentiary hearing was held on September 24, 1974.

On June 6, 1975, Anne E. Mahoney filed a motion that the preliminary injunction be modified so as to permit the shares of Park National Bank to be exchanged for shares of the Western Bank & Trust Company, which shares, when acquired, were to be subject to the injunction. The motion was allowed on October 3, 1975. That action was apparently taken without any notice to the plaintiff and without a hearing. The plaintiff filed a notice of appeal from the order allowing the motion. He also filed in the Probate Court a motion for a stay of the order, but there is nothing in the record to indicate that that motion was ever pressed to a hearing or decision; nor does the record indicate that the plaintiff ever sought a stay in an appellate court under G. L. c. 215, § 9 or § 23; nor does the record indicate that the trial judge was asked to report his order for appellate review pursuant to the provisions of G. L. c. 215, § 13. Although the record before us does not reflect the fact, the parties agreed at oral argument that the exchange of shares and the merger of the two banks took place in the autumn of 1975.

On April 30, 1976, a final judgment was entered declaring that the testamentary disposition described above created a trust, appointing a person other than Anne E. Mahoney to act as trustee, and ordering her to convey all the trust property standing in her name to the trustee thus appointed. She appealed from the judgment; the plaintiff did not.

1. In her appeal from the final judgment Anne E. Mahoney argues that the trust created by the will was one

in name only and that the terms of the so called trust evidence an intention by the testator that she have full ownership and control of the trust property. The argument, spun around two provisions taken out of context, is without merit. The provision authorizing the trustee to invade principal "for the necessity of providing for [Anne's] comfort and happiness if the income proves to be insufficient" does not enable Anne to call down the principal at will. Any question in that regard has been settled by *Nexon* v. *Boston Safe Deposit & Trust Co., ante,* 493 (1977), which was decided after the instant appeal was briefed. The words "without imposing any trust or obligation on my wife, Anne Elizabeth Mahoney, as a beneficiary hereunder", refer only to her power to pay trust income over to Douglas and Stephen, III, or either of them. In context the words mean that she is under no legal obligation to make such payments, and do not carry any suggestion that she is at liberty to disregard the language creating the trust. The instrument, read as a whole, unmistakably indicates an intention to create a trust.

There was no error in the judge's refusal to approve the appointment of Anne E. Mahoney as trustee. The judge found that she "cannot be relied upon to act fairly and dispassionately in the administration of said trust with regard to the interest" of Douglas, she "lacks the knowledge and competence to act as trustee, and she is unsuitable to properly administer said trust." These findings are not clearly erroneous and, coupled with her diversion of trust assets to herself without consideration and without petitioning for instructions (see 1 and 3 Newhall, Settlement of Estates §§ 30 & 431 [4th ed. 1958]), warranted the judge's decision to appoint another as trustee. Compare *Billings* v. *Billings,* 110 Mass. 225 (1872); *Sparhawk* v. *Sparhawk,* 114 Mass. 356 (1874); *Gordon* v. *Gordon,* 332 Mass. 210, cert. denied, 349 U. S. 947 (1955), and cases cited. The matter lay wholly within the reasonable discretion of the judge. 3 Newhall, *supra* § 421. Nor was there error in the award of counsel fees to the attorney for Douglas for services which clearly had the effect of pre-

serving the trust estate. G. L. c. 215, § 39A. Compare *Brayton* v. *Stoughton*, 335 Mass. 321, 326-327 (1957). Contrast *Miller* v. *Stern*, 326 Mass. 296 (1950); *Lane* v. *Cronin*, 345 Mass. 52 (1962).

2. The plaintiff's appeal from the order which modified the preliminary injunction presents a threshold procedural question. The defendant Anne E. Mahoney argues that the order was interlocutory in nature and that it must therefore be dismissed for the reasons stated in such cases as *Giacobbe* v. *First Coolidge Corp.*, 367 Mass. 309, 312-313 (1975), *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.*, 367 Mass. 464, 467-468 (1975), and *Rollins Environmental Servs., Inc.* v. *Superior Court*, 368 Mass. 174, 178-179 (1975). The plaintiff contends that the case falls within an exception to the usual rule[2] of nonappealability of interlocutory orders, namely, that decrees authorizing or confirming sales by fiduciaries are considered to be final for appellate purposes. See *Weil* v. *Boston Elev. Ry.*, 216 Mass. 545, 548 (1914); *Plumer* v. *Houghton & Dutton Co.*, 277 Mass. 209, 212-213 (1931); *Vincent* v. *Plecker*, 319 Mass. 560, 564 n.2 (1946); *Lynde* v. *Vose*, 326 Mass. 621, 622-623 (1951); *Zottu* v. *Electronic Heating Corp.*, 334 Mass. 442, 446 (1956). The plaintiff's position, in other words, is that we should treat the order modifying the preliminary injunction as if it were an order licensing a sale of property entered upon a petition under G. L. c. 203, § 16.

The plaintiff's contention is not without superficial appeal, but on careful consideration a majority of the court think that much unnecessary confusion would result from blurring in this fashion the distinction between the lifting

___

[2] Because the appeal in this case was claimed, docketed and argued before the effective date of St. 1977, c. 405, which has amended G. L. c. 231, § 118, so as to permit appeals as of right from interlocutory orders of the Superior Court or a Housing Court granting, continuing, modifying, refusing, dissolving, or refusing to dissolve preliminary injunctions, and perhaps also because the case was brought in a Probate Court (but cf. G. L. c. 215, § 9, and *Lynde* v. *Vose*, 326 Mass. 621, 622 [1951]), the passage of that statute does not affect the disposition of the plaintiff's appeal.

of an injunction prohibiting a transfer of property, and the granting of a license to transfer property. In the case of a license to sell property under G. L. c. 203, § 16, the sale is made under an authority given by the court, while in a case (such as this) where the court has declined to restrain a sale, the sale is not thereby made under the court's authority, but under such authority as the trustee is given by the terms of the trust under which he acts. See *Bremer* v. *Hadley,* 196 Mass. 217, 219-220 (1907). The distinction is one with important consequences to the trustee and beneficiaries and to a purchaser with notice of the facts. See *Batt* v. *Mallon,* 151 Mass. 477, 480 (1890); *Hutchinson* v. *Blanchard,* 247 Mass. 288, 291 (1924); *Cleval* v. *Sullivan,* 258 Mass. 348, 353 (1927); Loring, Trustee's Handbook § 40 (Farr rev. 1962); Restatement (Second) of Trusts § 283, Comment a (1965). The modification of the injunction was not essentially different from an order denying an interlocutory injunction against a sale or an order denying continuation of a temporary restraining order against a sale; in those cases it could hardly be contended that the denial was other than interlocutory. A majority concludes therefore, that the appeal from the instant order falls within the authority of *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc., supra,* which held that an order denying a preliminary injunction is not subject to appellate review except by way of report by the trial judge or by leave of the appellate court.

The plaintiff's contention that the order should be held to be final because any exchange of shares consummated thereafter would be irremediable is unsound. The plaintiff might have protected his legal rights by (1) joining the Western Bank & Trust Company as a party defendant (or otherwise notifying the appropriate officers of that bank of this litigation) and (2) claiming an appeal or cross appeal from the final judgment. The plaintiff is not entitled to have the orders or rulings of the trial court revised in his favor on the appeal of another party. *Donnelly* v. *Glacier Sand & Stone Co.,* 2 Mass. App. Ct. 368, 371-372 (1974). *Baldwin* v. *Pisacreta, post,* 810 (1977). *White* v. *Spence,*

*ante*, 679, 681 n.4 (1977). The plaintiff's procedurally improper appeal from the interlocutory order could not obviate the necessity of his taking a cross appeal from the judgment under Mass.R.A.P. 4, 365 Mass. 846 (1974). Compare *Check* v. *Kaplan*, 280 Mass. 170, 175 (1932); *Radio Corp. of America* v. *Raytheon Mfg. Co.*, 300 Mass. 113, 120 (1938); *Fusaro* v. *Murray*, 300 Mass. 229, 231 (1938); *Broderick* v. *Broderick*, 325 Mass. 579, 583 (1950); *Turgeon* v. *Turgeon*, 330 Mass. 402, 408-409 (1953); *Massa* v. *Stone*, 346 Mass. 67, 76 (1963). As noted earlier, the plaintiff also failed to seek the discretionary relief available from a single justice under G. L. c. 215, § 23.

The plaintiff's appeal from the interlocutory order modifying the preliminary injunction is dismissed. The final judgment is affirmed.

*So ordered.*

These cases were initially heard by two panels composed of Hale, C.J., Keville, Armstrong, and Brown, JJ., and was thereafter submitted on the record and briefs to the other Justices, all of whom took part in this decision in accordance with the provisions of Mass.R.A.P. 24(a), 365 Mass. 872 (1974).

KEVILLE, J. (concurring). Although I concur in the result reached by the majority, I disagree in part with the path followed in arriving at that result.

First, the docket, the original papers and the briefs support the plaintiff's representation, not disputed by the defendant, that the allowance of the defendant's motion to modify the temporary injunction, thus paving the way for the bank merger, took place without notice of a hearing and without the presentation of evidence or argument. It appears that the only notice given with respect to the motion was on October 3, 1975, after it had been allowed.

Second, when the motion was filed, and when it was allowed, the defendant lacked standing to bring it. Not only had she not qualified as a trustee under the will (see

2 Newhall, Settlement of Estates § 410 [4th ed. 1958], and cases cited therein), but the judge, who allowed the motion, had already determined that the defendant held the assets of the estate, including the bank stock, as a constructive trustee; and he had ordered her to hold all of the assets for the purpose of transferring them to a trustee of the testamentary trust. In the disposition of the motion it would appear that no account was taken of the provisions of G. L. c. 203, §§ 19 and 23.

Third, I disagree with the view of the majority that the allowance of that motion was interlocutory, and that, therefore, the plaintiff's appeal from its allowance is not properly before us. One of the "essential purposes" of the testator in establishing the trust under his will was to provide for the continued operation of the Park National Bank in which he held the controlling interest. The record demonstrates his intention that control of the bank should remain "in the family" after his demise. As the majority opinion points out, the will provides that the trustee, in the event that Stephen were not interested in running the bank, is to give Douglas a chance to demonstrate his ability to assume a responsible position in the bank's operation, and that the trustee, in her discretion, could vote the bank stock to that end.

The judge's allowance of the defendant's motion to modify the temporary injunction thus permitted the defendant to effectuate a merger with a larger bank and gave the defendant leave to frustrate the testator's expressed intent and to vitiate one of the salient provisions of the trust. See and compare *Mazzola* v. *Myers*, 363 Mass. 625, 635, 638 (1973). In my view the allowance of the motion was, in substance, a final decree in so far as it concerns the plaintiff; and his appeal from the allowance is, therefore, properly before us. *Cummings* v. *Tolman*, 292 Mass. 58, 60 (1935). *General Heat & Appliance Co.* v. *Goodwin*, 316 Mass. 3, 5 (1944). *Vincent* v. *Plecker*, 319 Mass. 560, 563 (1946). *Jefferson* v. *Flynn*, 348 Mass. 165, 166 (1964).

However, although the plaintiff filed a motion in the Probate Court under Mass.R.A.P. 6(a), 365 Mass. 848 (1974), to stay the modification of the temporary injunc-

tion for the purpose of restraining the substitution of the Western Bank & Trust Company shares for those of the Park National Bank, he failed to press his application for a stay or to comply with other requirements of that rule, or to seek relief under the provisions of G. L. c. 215, § 23. Neither did he elect to appeal from the final judgment, which was subsequently entered in the case, although in connection with that judgment the probate judge had made a finding that the principal purpose of the trust would not be affected by the exchange of shares of the two banks which was negotiated pursuant to the modification of the temporary injunction. On the basis of the record before us, I agree that the judge's modification of the injunction should not be disturbed.