NORMANDY HOUSE NURSING HOME, INC. *vs.* ERNEST HENDERSON, III, & others. February 22, 1978. 1. The portion of paragraph 6 of the agreement which requires that "[a]ll monies collected hereunder shall be first applied to the [s]eller's receivables notwithstanding that the party making payment (or for whom payment is made) is also indebted to the [b]uyer" would be devoid of any practical meaning if the word "hereunder" were read, as the defendants (one of whom is the buyer) contend, to restrict the operation of the language to amounts expressly directed by the payor to be applied to the seller's (the seller being the plaintiff) receivables. We interpret that language to require that payments made on account of patients indebted to both seller and buyer should be applied to the seller's receivables, at least if the payor has not specified application to the buyer's receivables. Accordingly, the disputed item of $3,728.93 was properly credited to the plaintiff. 2. The plaintiff, not having appealed, is not entitled to have this court review or revise the judge's implied overruling of its objection to the master's finding that the supplies represented by certain of the Travenol invoices were delivered prior to December 1, 1969. *Mahoney* v. *Mahoney*,

5 Mass. App. Ct. 720, 726 (1977). 3. The master's "subsidiary" and
"general" findings that the parties changed their legal positions when
they accepted the results of each accounting are shown by the certifi-
cate attached to his report on recommittal to be only a legal conclusion
from other findings and as such bind neither the trial court nor this
court. See *Bills* v. *Nunno*, 4 Mass. App. Ct. 279, 283 (1976). In our view
the conclusion is not supported by other findings in the report. There
is nothing in the master's subsidiary findings to suggest that any of
the several accountings which took place in 1970 was intended or
agreed by the parties to be a final settlement or compromise of all
outstanding claims between them up to the time of the accounting (the
burden of proving such being on the party claiming to be discharged
by such a settlement, *Champlin* v. *Jackson*, 313 Mass. 487, 489 ]1943]).
General finding no. 24 (on recommittal), which may be read as so
finding, is shown by the format of the report and by the aforemen-
tioned certificate to be only a conclusion based on the stated subsidi-
ary findings, and the motion to strike that finding should have been
allowed. The destruction of the trucking company records in 1973 does
not support a finding of laches against the defendants, and the judge
did not err in rejecting that as a basis for barring the defendants' claim
to the $8,925.05. 4. It follows from parts 2 and 3 above that the defend-
ants should have been credited with the item of $8,925.05 representing
the payment they made on the Travenol invoices. The judgment is to
be modified to reflect that credit and, as so modified, is affirmed.

*So ordered.*

*Douglas G. Moxham* for the defendants.
*Roger S. Davis* for the plaintiff.