LEISURE INNS, INC. *vs.* LIV R. CHRISTIANSEN & others. March 12, 1979. 1. The defendants' contention that the trial judge should have awarded Mrs. Christiansen the entire proceeds of the insurance policy on Christiansen's life is not properly before us, as the defendants took no appeal from the judgment and are not entitled to have it revised in their favor on the plaintiff's appeal. *Mahoney* v. *Mahoney,* 5 Mass. App. Ct. 720, 727 (1977), and cases cited. 2. The judge's conclusion that the plaintiff had an equitable interest in those proceeds did not, as argued by the plaintiff, require the further conclusion that that interest was exclusive. The finding that the policies on the lives of Christiansen and Davis had been procured for the limited purpose of securing the plaintiff and those individuals against liabilities arising from the Maine venture, which was amply supported by the testimony of Davis and Muller, warranted the inference of an intention that the plaintiff's beneficial interest in the proceeds of those policies be restricted to the amount of those liabilities. A comparison of the face amount of each of the two policies ($50,000, subject to an annual reduction of $5,000 over a ten-year term) with the principal amount of the Maine indebtedness ($35,000) suggests that the possibility of an excess of insurance proceeds over liabilities secured by them was contemplated by all concerned from the outset. That Christiansen and those claiming under him were intended to have at least a contingent

interest in the policy on his life is also inferable from the plaintiff's subsequent assignment to Davis, apparently without consideration, of the contemporaneously acquired policy on the latter's life. Thus, the judge's ultimate finding that Mrs. Christiansen had an equitable interest in a portion of the proceeds of the Christiansen policy was not "clearly erroneous" within the meaning of Mass. R. Civ. P. 52(a), 365 Mass. 816 (1974). See *Freyermuth* v. *Lutfy*, 376 Mass. 612, 615-618 (1978). 3. There was error, however, in the ruling that the only outstanding liability of which there had been evidence (and hence, to which the Christiansen insurance proceeds could be applied) was the unpaid balance on the plaintiff's loan from the bank in Maine, as both Davis and Muller testified that they had made a $10,000 payment on account of that loan from their personal funds shortly before Christiansen's death. While the judge was not required to credit that testimony, he made no finding with regard thereto one way or another — apparently overlooking it altogether. The case is remanded to the Superior Court for the entry of a finding whether the payment referred to was actually made as testified. If so, a new judgment is to be entered whereby the principal amount of the plaintiff's recovery is increased by a sum equal to one-third of that payment. If not, the existing judgment is to stand.

*So ordered.*

*James T. Ronan* for the plaintiff.
*Winston J. Bridge* for the defendants.