| *5 Buch.* | Burr *v.* Nivison. |
|-----------|-------------------|

*For reversal*—THE CHANCELLOR, CHIEF-JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, GRAY, DILL—14.

---

HORACE B. BURR

*v.*

HENRY L. NIVISON et al.

[Argued July 3d, 1908.    Decided March 1st, 1909.]

Negotiations for the sale and conveyance of land in New Jersey were had in Connecticut, on Sunday, between the vendor and the agent of the vendee; the written memorandum required by the statute of frauds was signed by the vendor and delivered to the agent who in return delivered the vendee's check, made and dated on Saturday, for the first payment; the memorandum embodied terms to which the agent was not authorized to agree, and it was not delivered to the vendee nor assented to by him until Monday.—*Held*, that the contract was made on Monday and not invalid as a Sunday contract.

---

On appeal from a decree advised by Vice-Chancellor Howell, whose opinion is reported in *74 N. J. Eq. (4 Buch.) 320*.

*Mr. Winfield S. Parker*, for the appellant.

*Mr. Thomas P. Fay*, for the respondent.

16

The opinion of the court was delivered by

SWAYZE, J.

The bill seeks to set aside and cancel of record an agreement for the sale of land by complainant to the defendant Rosenstein, because it was secured by fraud and because it is invalid by reason of the fact that it was made on Sunday. We agree with the vice-chancellor that the complainant failed to establish fraud. As to the other ground of invalidity we reach the same result, but by a somewhat different process. Our view renders it unnecessary to pass upon the legal question whether the court will intervene at the instance of one of the contracting parties to cancel a contract made on Sunday; we express no view on that question.

The vice-chancellor found that Mrs. Nivison was not the agent of Rosenstein but of Burr. We think that she went from New Jersey to Connecticut as Rosenstein's agent to buy the farm upon the terms agreed upon between Rosenstein and the complainant's son. We are led to this conclusion by the fact that most of the terms of sale were agreed upon with Burr's son before she went to Connecticut, that she took with her Rosenstein's check for the first payment, and took from Burr an agreement for the conveyance to Rosenstein. These facts are hardly consistent with the view that she was only Burr's agent for the purpose of making the sale. The fact that Burr was to pay her a commission is not inconsistent with our conclusion; this he might well do, and if it was done with the knowledge of Rosenstein and without objection on his part there was no impropriety. Rosenstein gave his check for the first payment on Saturday. Mrs. Nivison went to Connecticut and secured from Burr the written memorandum required by the statute of frauds and delivered Rosenstein's check on Sunday; the memorandum was dated on Monday and delivered to Rosenstein on that day. If this memorandum contained only the terms that had been agreed upon between Rosenstein and the complainant's son on Saturday, we should hold that the contract was made on Sunday, since we think that Mrs. Nivison was authorized to assent as Rosenstein's agent to those terms. The memorandum, however,

does not contain merely the terms to which Mrs. Nivison had been authorized to assent; it adds a provision that if Rosenstein fails to pay the purchase price in accordance with the agreed terms, he shall forfeit $500, and give up possession.

We recognize the rule adopted long ago in the supreme court that where a contract is illegal because made on Sunday, it cannot be validated by subsequent ratification, for the reason, as stated by Chief-Justice Beasley, that the parties have no power to give life to an act which from reasons of public policy has been ordained by the legislative authority to be absolutely void. *Reeves* v. *Butcher, 31 N. J. Law (2 Vr.) 224.* Nothing short of a new bargain can be valid. *Ryno* v. *Darby, 20 N. J. Eq. (5 C. E. Gr.) 231.* These views have been frequently reaffirmed in the supreme court and the court of chancery in cases which are collected and cited with his usual thoroughness by the present chancellor in *Newbury* v. *Luke, 68 N. J. Law (39 Vr.) 189.* If, therefore, the assent of Rosenstein on Monday amounted merely to a ratification of Mrs. Nivison's act on Sunday, the contract would be invalid. It is a question of some nicety to determine whether his act was a mere ratification or whether it was an assent on his part to the terms finally offered by Burr, by which assent, for the first time, there came into existence a completed contract. The solution of this question depends upon the intention of the parties. Burr meant to make a binding contract; he is presumed to have known the law of Connecticut forbidding Sunday contracts; it was in view of this that the memorandum was dated on Monday; the memorandum was meant to be delivered in New Jersey to Rosenstein, and Burr could not be ignorant that he had added a term to the contract which would require Rosenstein's assent. He must, therefore, be held to have intended that there should be no final contract until the delivery of the memorandum to Rosenstein and his assent to the terms. This imputes to him only a knowledge of the legal situation and an intent to abide thereby. In our view the contract was consummated on Monday.

The question remains whether it is vitiated by reason of what took place on Sunday. In *Cannon* v. *Ryan, 49 N. J. Law (20*

*Vr.*) *314,* the supreme court held that where a notice to a tenant, that after the expiration of his existing term he would be charged an increased rent, was given on Sunday, and the tenant simply remained in possession after his term ended, there was no valid contract to pay the increased rent. This was put upon the ground that the mere retention of possession had no significance without proof of the notice, and Justice Reed was careful to distinguish the case from one in which a preliminary conference held on Sunday had been merged into a contract made upon a secular day. In that case the landlord was seeking to avail himself of his own act done upon a Sunday.

It has been held in other jurisdictions that a contract completed on a secular day is not invalid because negotiations leading up to it were had on Sunday. Of the cases collected in *27 Am. & Eng. Encycl. L. 405,* it will suffice to refer to *Tuckerman* v. *Hinkley, 9 Allen 452; Dickinson* v. *Richmond, 97 Mass. 45; Gibbs & Sterrett Manufacturing Co.* v. *Brucker, 111 U. S. 597.* The last case is quite in point. The defendants had delivered a written contract of guaranty to the plaintiff's agent on Sunday, but the agent had no authority to sign or close the contract on behalf of the plaintiff; it was necessary to send it to the plaintiff to be accepted and signed, and it was so accepted on a secular day. The court said: "In order to make good the defence set up in the answer it is necessary to prove not only that the defendant signed his name to the contract on Sunday, but that he delivered it on Sunday. The mere signing of a contract on Sunday, which is not delivered on that day, does not avoid the contract." In that case the defendant relied upon the delivery to the agent, but the court held that he was not the agent of the plaintiff for that purpose but a mere messenger to transmit the contract to the other party for approval or disapproval. So in the present case, when Burr added the provision as to forfeiture and delivery of possession to which Mrs. Nivison was not authorized to assent, he made her his messenger to transmit the offer to Rosenstein, and there was no contract until Rosenstein assented.

Let the decree be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL—13.

*For reversal*—None.