JULIA A. McCARTY *vs.* MARY CAVANAUGH & others.

Middlesex. May 15, 1916. — June 21, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Fraternal Beneficiary Association. Words,* "Secede," "Disband."

A national association, formed "to create and having control over" State and local organizations, "and to provide for and comfort the sick and distressed members of the order," is a fraternal beneficiary association and is not a charitable organization.

In this suit in equity by the proper officer of a national fraternal beneficiary association against former officers of a subordinate lodge for the possession of certain property formerly of that lodge, the plaintiff contended that he was entitled to the property by reason of a law of the association and of the lodge which

provided that, upon a lodge disbanding, such property should be turned over to him; but, upon facts found by a master to whom the suit was referred, it appeared that the lodge by a unanimous vote of its members had seceded from the national organization, and, there being no provision of the laws applicable to a secession of a lodge by a unanimous vote of its members, it was *held* that secession was not disbanding and, the provision as to a lodge disbanding therefore not applying, the suit was dismissed.

CROSBY, J.   This is a suit in equity brought by the financial secretary of the Grand Circle of Massachusetts, Companions of the Forest of America.   This association known as Companions of the Forest of America is national in its scope, and consists of what is called the Supreme Circle, which is the governing body, and of Grand Circles organized in different States; also local or subordinate circles.   Each of these circles is a voluntary association having its own by-laws.   See *Curran* v. *O'Meara,* 211 Mass. 261.

In May, 1891, a subordinate circle was organized in Marlborough in this Commonwealth under the name of "Pride of the Forest Circle, No. 134, Companions of the Forest of America."   Owing to disagreements which existed between the members of Circle No. 134 and officers and members of the Grand Circle of Massachusetts, the members of Circle 134, by its financial secretary, notified the plaintiff by letter dated September 14, 1909, that Circle 134 "unanimously voted to secede from the order of the Companions of the Forest of America at a special summoned meeting Tuesday evening September 14, 1909."

The case was referred to a master who found that on September 14, 1909, Circle 134 was subject to the constitution and by-laws of the Supreme Circle, and was also subject to the jurisdiction of the Supreme Circle and of the Grand Circle.

This bill is brought for the purpose of obtaining possession of certain property, including the amount of a deposit held by the Marlborough Savings Bank, the principal question now in issue between the parties being the ownership of the money so held by the bank.

The questions presented by the appeal from the final decree are, whether the judge of the Superior Court before whom the case was heard,* was right in sustaining the defendant's fifth and seventh exceptions to the master's report and in directing that the bill be dismissed.

* *Jenney,* J.

It is plain that the Companions of the Forest of America is a fraternal beneficiary association; therefore, the judge was right in sustaining the fifth exception. The master was wrong in finding that it was a charitable organization.*

The seventh exception was based upon the objection "For that the master finds † and rules on the evidence set forth in said report that Circle 134, while not following all the rules specifically, in fact, did disband; whereas he ought to have found and ruled that Circle 134 seceded from the Companions of the Forest of of America but did not disband." The decision of the judge in sustaining this exception is in effect a finding and ruling by him that Circle 134 seceded from the association but did not disband. We are of opinion that upon the evidence set forth in the master's report, the judge was right.

The plaintiff relies upon Section 13 of Article 15 of the Supreme Circle laws, which is as follows: "In the event where a circle is about to disband, the Circle Deputy, Chief Companion or Financial Secretary shall notify in writing all the members of the Circle to attend a special summoned meeting, at which meeting the question of the disbanding of the Circle shall be considered. A written yes or no ballot shall be taken as to the disbanding of the Circle; if the number voting against the disbanding is not sufficient to warrant the continued existence, the charter, rituals and paraphernalia shall be surrendered to the Circle Deputy, who shall at

---

\* The fifth exception was based upon an objection that the master found "that the Companions of the Forest of America is a charitable association, whereas he ought to have found it is a fraternal beneficiary association." The master's finding was as follows: "Under the title 'name and objects' in the preamble to the 'Constitution and General Laws Supreme Circle' are the following: — 'The name of the Order shall be the Companions of the Forest of America,' having for its object 'to create and having control over Grand and Subordinate Circles of the order' 'and to provide for and comfort the sick and distressed members of the order.'"

† The master's finding was as follows: "The use of the word 'secede' rather than the word 'disband' does not seem to be of much significance, apparently Circle 134 attempted to act under Sec. 13 for in the letter of Sept. 14, 1909, the vote was declared to have been taken at a 'special summoned meeting,' and no question was made as to its being a fact that the vote was taken at such meeting, all parties and witnesses seemed to so consider the vote. I find on this evidence and report that the Circle, while not following all the rules specifically, in fact, did disband."

once return them to the Supreme Circle. All'moneys in the Sick and Funeral and Benevolent Funds of said Circle shall be paid to the Supreme or Grand Circle Financial Secretary, said moneys to be applied to the Management Fund of the Supreme Circle, and to be used for the payment of sick and funeral benefits of members of delinquent or suspended Circles who are on the rolls of the Supreme or Grand Circles, as provided for in these laws."

The plaintiff contends that the members of Circle 134 attempted to act under Section 13 of Article 15, and the master so found; but the judge by sustaining the defendant's seventh exception came to a contrary conclusion. Unless the subordinate Circle 134 disbanded on September 14, 1909, it is plain that the plaintiff is not entitled to the funds.

It is apparent that this section in terms applies to a case where a circle is about to "disband" but does not refer to a circle which secedes from the association. We think the finding in effect of the judge that the Circle did not disband as provided in this section was justified.

Article XI, Section 11, was adopted doubtless to protect minority members in case of secession as well as of abandonment of a circle. That section is as follows: "In the event of the dissolution, seceding or disbanding of a Circle, any beneficial member of the Circle who voted in the minority against their Circle disbanding or seceding or from being suspended for non-compliance with the laws of the Order, shall, upon satisfactory proof being made thereof to the Supreme Chief Companion, be recognized as a member of the Order, and in the event of their not being able to obtain admission into any other Circle of the Order in consequence of ill health or over age, such members shall pay dues similar in amount to those paid by them in the Circle of which they were members to the Supreme Circle through the Supreme Financial Secretary, and in case of sickness or death of said member their sick pay or funeral benefits shall be paid by the Supreme Circle through the Supreme Treasurer; said sick pay or funeral benefits shall be the same in amounts as provided for in the by-laws of the suspended or defunct Circle of which the Companion was a member thereof."

The provisions of Section 11 of Article XI do not apply where all the members of a circle withdraw leaving no minority to be protected.

There is no provision of the constitution or by-laws of the Supreme or Grand Circles governing subordinate Circles, which forbids the latter from withdrawing or seceding as a whole from the association. Under these circumstances all the members of Circle 134 could rightfully secede or withdraw from the association without giving a reason therefor, and without subjecting the property of such subordinate Circle to forfeiture, and could continue as the master finds "as an association for similar purposes but unaffiliated with any State or national organization."

In view of the conclusion reached it is not necessary to decide whether, even if Circle 134 had disbanded, its property would have been forfeited or subject to the provisions of Section 13 of Article 15 of the Supreme Circle laws. As to which see *Austin* v. *Searing,* 16 N. Y. 112; *Wells* v. *Monihan,* 129 N. Y. 161; *Wicks* v. *Monihan,* 130 N. Y. 232; *S. C.* 14 L. R. A. 243; Bacon, Ben. Soc. & Life Ins. § 116, cl. 4.

It follows that the interlocutory and final decrees must be affirmed.

*So ordered.*

The case was submitted on briefs.

*H. L. Brown, E. Field & W. F. Murray,* for the plaintiff.

*J. J. Shaughnessy & J. M. Maloney,* for the defendants.