GRAND LODGE OF THE INTERNATIONAL ASSOCIATION OF MACHINISTS ET AL. *vs.* FRANK REBA ET ALS.

Third Judicial District, New Haven, January Term, 1922.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

The revocation by a grand lodge of the charter of an unincorporated subordinate lodge severs the relations between such lodges, but does not necessarily extinguish the voluntary association of the

members of the local lodge; and their property continues theirs in title and possession unless it appears without reasonable question from the constitution of the parent organization, accepted by the members of the local lodge as part of their contract of membership, that some other disposition of it was agreed upon.

In a suit by a grand lodge to recover possession of personal property of a subordinate lodge, upon revocation of its charter, it appeared that the constitution of the Grand Lodge provided that the trustees of each local lodge should be legally liable to the General Executive Board for all funds and other property under their control, and that in case of a lodge "lapsing," its property and funds should be sent to the General Secretary-Treasurer. *Held* that those provisions did not govern the situation resulting from an involuntary revocation of the charter of the local lodge, and hence that the right to the possession of its property continued in the members voluntarily associated together, and their agents.

Argued January 17th—decided February 21st, 1922.

SUIT to obtain a transfer of the funds and property of a subordinate lodge after its lapse and the revocation of its charter by the plaintiff association, and for damages, brought to and tried by the Superior Court in Fairfield County, *Kellogg, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiffs. *No error.*

*Henry E. Shannon* and *James C. Shannon,* for the appellants (plaintiffs).

*Hugh J. Levery* and *Lawrence S. Finkelstone,* for the appellees (defendants).

CURTIS, J. The plaintiff Grand Lodge is a voluntary association having headquarters at Washington, D. C., and the plaintiff Davison is its secretary-treasurer. The Grand Lodge, a trade organization composed of machinists, has subordinate lodges chartered by it in various cities in the United States; these lodges are also voluntary associations. A subordinate lodge, known as Lodge No. 30, duly chartered, existed in Bridgeport prior to August 8th, 1919. The defendants were the

officers and trustees of Lodge No. 30 on August 8th, 1919. The defendants, as officers and trustees of Lodge No. 30, then had and still retain in their possession all funds and property of Lodge No. 30, amounting in value to about $7,000.

The plaintiffs claim the right to the possession of this property, but the defendants deny such right and refuse to deliver the possession of the property to the plaintiffs. The constitution and by-laws of the Grand Lodge are made part of the finding. The plaintiffs claim that the following provisions of the constitution of the Grand Lodge and of the subordinate lodge, entitle the plaintiffs to the possession of such property. Article V, § 10, of Constitution of Local Lodges as prescribed by the Grand Lodge, provides as follows: "The trustees of each local lodge shall be legally liable to the General Executive Board for all funds and other property under their control. Trustees who have Two Hundred ($200) Dollars or more in their care shall be put under bond in a bonding company designated by the General Executive Board." Article II, § 8. "Merging or Disbanding. In case of a lodge lapsing, it shall be the duty of the recording secretary, in conjunction with the trustees, to send all funds and property belonging to said lodge to the General Secretary-Treasurer, to be held intact for a period of six months. If within that period application is made by at least seven (7) members in good standing in that community, said funds and property belonging to the lapsed lodge shall be returned to the applicants, and the lodge reopened."

The plaintiffs claim that the revocation of the charter of the subordinate lodge No. 30 was a "lapsing" of the lodge, and that under Article II, § 8, the possession of the property of the lodge was then the right of the Grand Lodge. The defendants claim, on

the contrary, that the revocation of a charter is not the lapsing of a lodge, and that the right of the Grand Lodge to possession of the property of a local lodge arising from Article II, § 8, as quoted, does not come into effect by the revocation of its charter.

Primarily, the right of possession of the property of a voluntary association is in the association, that is, in its members or their officers and agents. *Curtiss* v. *Hoyt,* 19 Conn. 154. The revocation by a Grand Lodge of the charter of a subordinate lodge severs the relations of the Grand Lodge and the subordinate lodge, but it does not necessarily extinguish the voluntary association of the members of the local lodge. *McCarty* v. *Cavanaugh,* 224 Mass. 521, 113 N. E. 271. Their property continues theirs in title and possession, unless it is otherwise provided in the constitution of the parent organization, which they agreed to and accepted when they became members of the association. That they accepted a provision which took the possession or title of their property from them in any event, should appear without reasonable question. In the constitution of the Grand Lodge there is a provision for the revocation of a charter of a subordinate lodge. There is, however, no provision giving any right to the possession of the property of a subordinate lodge upon the revocation of its charter, unless by the construction placed upon Article II, § 8, quoted above, the "lapsing " of a local lodge is held to include the involuntary revocation of its charter. Article II, § 8, of the constitution as to a lodge lapsing, is headed by the words "Merging and Disbanding." We are of the opinion, in view of such designation, that the term "a lodge lapsing," must be construed to refer only to a case where a lodge voluntarily merges with another lodge or voluntarily disbands. The involuntary revocation of its charter by the proper officers of the Grand Lodge,

is a far different occurrence from the voluntary merging or disbanding of a lodge. We are satisfied that the term "lapsing" of a lodge, as used in Article II, does not include the involuntary revocation of the charter of a subordinate lodge. When individuals associated to form Lodge No. 30 in order to become chartered as a subordinate lodge of the Grand Lodge, they were not informed by any provision of the constitution of the Grand Lodge, nor did they agree, that if the officers of the Grand Lodge revoked its charter, the Grand Lodge would then become entitled to the right of possession of the property of their voluntary association. In the absence of such notice or agreement, the right to the possession of its property continued in the members voluntarily associated in lodge No. 30, and in their agents, the defendants. The provisions of Article V, § 10, quoted above, are irrelevant to the claims of the parties under the situation presented in the record. For the foregoing reasons, we find no error.

There is no error.

In this opinion the other judges concurred.