GEORGIE A. DAVIS *vs*. MARTHA A. GREEN, administratrix.

Suffolk.     January 18, 1928.— March 6, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & SANDERSON, JJ.

*Equity Jurisdiction*, Accounting. *Equity Pleading and Practice*, Bill, Answer, Decree, Appeal.

A master, who heard a suit in equity for an accounting, found, as to a claim by the defendant of a credit for money paid for services and disbursements to a person who made a mortgage loan to the plaintiff, that there was no evidence that the plaintiff authorized the defendant to make such payments. He also found that the defendant procured the loan at the plaintiff's request and allowed him a certain sum for his services in that transaction. The record disclosed no evidence that any such payment for services and disbursements was made by the defendant to the mortgagee. An exception by the defendant to the disallowance by the master of the claim for the payment was sustained. Upon appeal by the plaintiff, the decree sustaining the exception was reversed, the master's finding being final and it not appearing that the payments were made.

In the first paragraph of a bill in equity, the plaintiff alleged that she had "employed the defendant as her agent, for hire, to manage her business for her and paid to him large sums of money from time to time to be applied by him to the payment of interest and principal on mortgages, for water rates, taxes and repairs and the defendant agreed to manage her affairs in a prudent and business like manner." The remaining paragraphs of the bill related solely to a specified parcel of real estate, a second mortgage upon which the defendant was threatening to foreclose. The prayers of the bill were that the foreclosure be enjoined and that an accounting be had. In his answer, the defendant "specifically calls to the attention of the court" a previous suit in equity which the plaintiff had brought against the defendant wherein she "set up an entirely different issue than that contained in paragraph (1) of the plaintiff's bill in this case." A master in his report dealt with a claim of the defendant to credits based on use and occupation by the plaintiff of another parcel of real estate, and the judge dismissed the bill owing to the fact that the value of such use and occupation exceeded the balance due to the plaintiff on an accounting as to the real estate described in the bill. *Held*, that

(1) Upon the pleadings, the conduct of the defendant as to the second parcel of real estate was not involved: only matters relating to the property described in the bill were involved.

(2) The decree dismissing the bill was reversed.

(3) A decree was ordered directing the defendant to pay the plaintiff the amount found due from the defendant as to the property described in the bill.

BILL IN EQUITY against Benjamin Green, filed in the Superior Court on February 3, 1925, for an accounting.

In paragraph 1 of the bill, referred to in the defendant's answer as stated in the opinion, the plaintiff alleged as follows:

"1. That on or about April 15, 1913, the plaintiff employed the defendant as her agent, for hire, to manage her business for her and paid to him large sums of money from time to time to be applied by him to the payment of interest and principal on mortgages, for water rates, taxes and repairs and the defendant agreed to manage her affairs in a prudent and business like manner."

The remaining allegations of the bill referred only to the property at 57 Camden Street in Boston. The prayers of the bill were

(1) that "the defendant be restrained from foreclosing, assigning or disposing of said second mortgage and the note secured by it and from interfering with the plaintiff or her agents in the management of said estate"; (2) that "an account be taken of all transactions between the plaintiff and the defendant and that any amount found due to her by the defendant be paid to her forthwith"; and (3) that such other relief be awarded her as shall seem just and meet and that she be awarded her costs."

The suit was referred to a master. The entire findings by the master as to a claim of the defendant to a credit of $81.50 relating to a loan from one Johnson were as follows: "In 1920 the plaintiff was in arrears on the Line mortgage . . . and, after vainly seeking a loan from three or four banks, asked the aid of the defendant to obtain money wherewith to pay it off. He induced one Johnson to lend $1,000 at six per cent secured by a first mortgage, while he himself advanced to her $1,000 at nine per cent secured by a second mortgage."

For services of the defendant in "placing the mortgages in 1920," the master allowed the defendant $50. He also found: "There was no evidence that the plaintiff authorized the defendant Green to pay Johnson the sum of $81.50 for his services ($15) and disbursements ($66.50) in connection with the discharge of the Line mortgage." To the last find-

ing the defendant objected and excepted, in an eleventh exception, as follows: "For that the master finds that there was no evidence that the plaintiff authorized the defendant's intestate to pay Johnson the sum of $81.50 for his services and disbursements in connection with the discharge of the Line mortgage." The last exception was sustained by the judge.

The conclusions of the master respecting the defendant's claim to credits as to the property 176 Northampton Street were as follows:

"Upon the plaintiff's own theory of the case, therefore, such use and occupation [of 176 Northampton Street]— while not given and received in performance of the oral contract which she alleges between them — was nevertheless directly connected with her claim and is of a character to affect and qualify it. It would seem to be inequitable that she should hold this property for over eleven years and then refuse to do equity by paying the fair rental value for that period or otherwise putting the respondent in the condition in which he was before the alleged bargain. Now claiming to have discovered the duplicity of her treacherous agent, she seeks to rescind the agreement and recall her payments thereunder. Such rescission should, so far as possible, be entire. The transactions were all part of one scheme. She cannot fairly elect to rescind in part and to affirm in part. She should give as well as demand restitution. It was in evidence that the fair rental value of the premises during the greater part of the period now in question was $60 a month. Manifestly she is very far from emerging from the transaction as a whole at a loss so far as relates to 176 Northampton Street. If, therefore, I rightly apprehend and apply the rule of law which requires restitution as a condition precedent to rescission in cases involving such facts as are here presented, the plaintiff has not sustained the burden of showing that she has suffered any loss on this property and the balance of equity does not, so far as relates thereto, incline in her favor."

Other material facts found by the master are stated in the opinion.

After the reference of the suit to the master, the defendant

died and Martha A. Green, administratrix of his estate, was admitted to defend.

The suit was heard by *Lummus,* J., on the master's report and exceptions by the defendant thereto, and by his order there were entered an interlocutory decree, described in the opinion, and a final decree dismissing the bill. The plaintiff appealed from both decrees.

*J. L. Sheehan,* for the plaintiff.

*J. H. Kenney,* for the defendant.

CARROLL, J.   The plaintiff in this suit in equity sought to restrain the defendant from foreclosing a mortgage and asked that an account be taken. The bill alleged that the defendant, as the plaintiff's agent, agreed to collect the rents and to pay the expenses and the interest and principal on two mortgages on the property 57 Camden Street, Boston, "each for One Thousand ($1000.00) Dollars each, held by L. H. H. Johnson and the defendant"; that the defendant has collected the rents and refuses to account for the money received and has applied it to his own uses, and has threatened to foreclose the second mortgage on the plaintiff's estate at 57 Camden Street.

The defendant in his answer alleged that he made proper application of the money received and has accounted verbally but not in writing to the plaintiff.   He also "specifically calls to the attention of the court the bill in equity No. 25027 wherein this plaintiff brought action against this defendant and set up an entirely different issue than that contained in paragraph (1) of the plaintiff's bill in this case."   In the Superior Court the bill was dismissed.

At the hearing before the master it appeared that the defendant, Benjamin Green, now deceased, owned certain real estate on Northampton Street, Boston, and the plaintiff in December, 1924, brought a suit in equity against Green "for an accounting and for a deed" of this property. This was the case No. 25027 referred to in the defendant's answer. The case No. 25027 was heard in the Superior Court and a decree entered dismissing the bill.   As we construe the pleadings in the case now before us, the conduct of the defendant in his dealings with the Northampton Street property is not

involved. The plaintiff refers specifically to the Camden Street property and to no other real estate. There is nothing in the answer showing that the Northampton Street property is involved. The only reference to it is in the allegation that in the earlier case the plaintiff set up an entirely different issue. The only matters in controversy in the present suit concern the Camden Street property and the only issues involved relate to the management of that property. The master found that the defendant, Green, should have received from April 1, 1920, to October 15, 1924, a total income from it amounting to $2,098.25; that he made proper disbursements of $758.73 and was entitled to compensation of $188.97 for placing mortgages and collecting rents, and that a balance was due the plaintiff of $1,150.55. The evidence is not reported.

The interlocutory decree sustained the defendant's eleventh exception to the master's report and allowed to the defendant $81.50 relating to a loan from one Johnson, thereby increasing the amount to be credited to the defendant to $1,029.20 and decreasing the balance due the plaintiff to $1,069.05. The master found there was no evidence that the plaintiff authorized the defendant to pay this $81.50, and we are unable to find any evidence that the defendant actually paid it. The evidence is not reported and the finding of the master disallowing the sum of $81.50 must stand. The interlocutory decree, therefore, must be modified by striking out the second paragraph, and by striking out the words "except as changed hereby" from the fourth paragraph; as thus modified it is affirmed.

The final decree, it would appear, dismissed the bill on the ground that "the value of the use of the defendant's property on Northampton Street, which the plaintiff had for many years, over and above her payments upon that property, exceeds any sum due to the plaintiff upon an accounting as to the Camden Street property." As we have said, the Northampton Street property is not involved in the present suit, which relates solely to the Camden Street property, and under the pleadings the state of the account in reference to the Northampton Street property could not

be considered. The fact that the master went into the accounts relating to that property and found that nothing was due the plaintiff on it did not support the final decree charging the plaintiff with the value of the use of the premises on Northampton Street to offset the amount due from the Camden Street premises. Because the Northampton Street accounts were not open under the pleadings, there is nothing in the plaintiff's contention that she should be allowed for money alleged to have been paid for her on this property. It follows that the interlocutory decree is to be modified as already indicated and the final decree is to be reversed and a decree entered for the plaintiff in the sum of $1,150.55, with interest from the date of the master's report. G. L. c. 235, § 8. *Hawkes* v. *Lackey*, 207 Mass. 424, 434.

*Ordered accordingly.*