RALPH O. TIFFANY & another *vs.* CHARLES H. MOONEY & others.

GEORGE L. SHELDON & another *vs.* WILFRED P. ADAMS & others.

Essex.    December 2, 1927.— April 4, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Fraternal Beneficiary Association. Equity Jurisdiction,* To enforce trust, To enforce rights of State fraternal beneficiary association as to property of subsidiary local association. *Trust,* What constitutes fiduciary relationship. *Order of United American Men of North America.*

The charter of a local council of the Order of United American Men of North America, a fraternal organization for social and beneficial purposes, provided that trustees should hold its property in trust for it; that if the local council were dissolved by forfeit of the charter or otherwise, all the property of the local council should become the property of the State Council of Massachusetts, a corporation within the jurisdiction of which the local council was chartered, and that it should be the duty of the last installed officers of the local council immediately to

deliver such property to the State Council. The constitution of the State Council contained similar provisions. A majority of the members of the local council voted to sever their connection with the parent organization, and under such vote the treasurer and trustees of the local council transferred the property to another fraternal organization and abandoned certain council regalia. The charter of the local council was found subsequently to have been forfeited for sufficient cause and to have been revoked by the State Council duly acting in accordance with its constitution. In a suit in equity by the State Council against the last installed officers of the local council to recover the property of the local council, it was *held*, that

(1) The property of the local council, from whatever source accumulated, was held by the defendants in trust to be paid to the plaintiff on dissolution of the local council and forfeiture of its charter;

(2) *Whether* the plaintiff could recover by reason of the contractual relation between the State and the local council was not decided;

(3) A final decree was proper ordering the defendants to pay to the plaintiff the value of money and other property transferred to the other fraternal organization, and ordering the defendants to deliver to the plaintiff the council regalia abandoned or to account for its value.

Two BILLS IN EQUITY, filed in the Superior Court on May 16, 1924, and March 10, 1927, respectively.

The suits were consolidated by order of court. The first suit was referred to a master, it being agreed that the second suit should be disposed of on the master's report. Material facts found by him are stated in the opinion. The suits were heard upon the master's report and a supplemental report by *Weed*, J., by whose order there were entered an interlocutory decree confirming the report, and a final decree ordering the defendants to pay over to the plaintiffs $3,510.93, the value of money and other property turned over to the Knights of Pythias; and ordering certain of the defendants to deliver to the plaintiffs certain regalia mentioned in the opinion or to pay to the plaintiffs the value thereof, found by the master to be $320.94. The defendants appealed.

*S. Parsons,* (*E. Parsons* with him,) for the defendants.

*W. A. Pew,* for the plaintiffs.

CROSBY, J. These are two suits in equity brought to recover certain property, or its value, to which the plaintiffs claim title.

The "Order of United American Men of North America" is a national, fraternal corporation organized for social and

benevolent purposes. Subordinate to the national organization, State councils have been incorporated under the laws of various States. The charter of the State Council of Massachusetts recites that it was organized for "fraternal and beneficial purposes holding, owning and controlling such real and personal property as may be necessary for carrying out the purpose of the corporation, paying death benefits," and other objects therein set forth. In common with other State councils, the constitution and by-laws of the Massachusetts council authorized it to issue charters to such subordinate local councils as might be organized in this Commonwealth, and to provide a uniform constitution and by-laws for their government. Housatonic Council No. 7, of Rowley, received its charter from the State council on June 19, 1892. The purposes of the local, State and national organizations were identical.

The cases were consolidated by order of court and referred to a master under a rule issued in the first case upon an agreement of parties that the second case should be disposed of upon the master's report.

The master found that, in 1921, a majority of the members of the Housatonic council decided that association with the parent organization was no longer desirable, and by a series of votes all funds and other property in the hands of the treasurer and trustees of the council were transferred to the local council of the Knights of Pythias, another fraternal organization existing for like purposes. Subsequently all except four of the members of the Housatonic council applied for membership and were received as members in the Knights of Pythias; the charter and rituals of the Housatonic council were sent by mail to the secretary of the State council, and the charter of the local council was declared forfeited.

The first suit is brought by the State council and the State Councillor of the State Council of Massachusetts against certain persons named as the last installed officers of the local council, to recover certain money and other property. The constitution of the State council, to which the local council was answerable, provided, in part, in § 4 of art. XII, that "Should a Council neglect or refuse to make returns or pay

its dues for two regular terms, its Charter may be declared forfeited; and should a Council forfeit or surrender its Charter, the same, with books, funds, properties and effects of all kinds, shall revert to the State Council. And it shall be the duty of the last installed officers of such Council to deliver immediately to the State Councillor, or the Brother by him deputed to receive them, such funds and other effects as the Council may possess." The charter issued to the Housatonic council read, in part, as follows: "ORDER UNITED AMERICAN MEN. Know ye that we the State Council of Mass. do hereby grant this Charter of Dispensation to H. P. Boynton, (and others) or their successors legally and duly elected to constitute a Subordinate Council of the Order to be known by the Title of Housatonic Council No. Seven . . . and the same Council, being duly formed, is hereby authorized and empowered to initiate (etc.) . . . Provided always . . . should said Housatonic Council No. 7 be dissolved by forfeit of this Charter or otherwise, then all property, monies, books and papers, the property of said Council shall become the property of the State Council of Massachusetts." As a part of the installation ritual, each of the officers of the subordinate councils solemnly promises that he will "enforce all laws enjoined on this Council by the National Council of the Order, or the State Council of Massachusetts, and at the expiration of my term of office, or sooner, if called on by the said Council, deliver up all books, papers, and other property belonging to this Council which may be in my possession." It is also provided in § 3 of art. XII: "The Charter of any Council having been revoked by the State Councillor, the same, with the books, funds and other effects of said Council, shall revert to this State Council; and it shall be the duty of the last installed officers of such Council to deliver immediately to the State Councillor or to the Brother deputed to receive them such charter, books, funds and other effects as said Council may possess." The duties of the trustees are derived from § 10 of art. III of the constitution under which the local council operated; it is there provided that "The Trustees shall hold in trust for the Council its funds, stocks and securities and all other property . . . ." As in-

dicating in definite language the terms of the trust, art. XI, § 1, recites: ."The funds, property and income of this Council having been raised for the purpose of relieving the sick and distressed brethren, and other charitable uses in the Order, are not to be divided in any manner among the members, but shall remain for its legitimate purposes the property of the Council so long as its charter is unclaimed and seven members remain in good standing in the Council."

The master states that if "Housatonic Council surrendered its charter, or if its charter was duly revoked by the State Councillor, subject to the approval of the Board of State Council officers, .the funds and effects of the local Council thereupon reverted to the State Council, and it then became the duty of the last installed officers, including the defendants, to deliver such funds and effects forthwith to the. plaintiff, the State. Councillor." The master found that after the local council "had failed to make its returns to the State Council for a period .in excess of twelve months . . . and had likewise failed to pay its per capita tax for that period, the State Councillor, after due notice, and after providing an opportunity for a hearing, duly declared the Charter . . . forfeited on October 15, 1923"; he further found that such action was duly approved by the board of State council officers on January 15, 1924, and that, consequently, the charter of Housatonic council was revoked as of October 15, 1923. It is found that the defendant Mooney turned over to the Knights of Pythias the funds in his hands amounting to $687.89. This amount was contained in three items, namely, the watchers' fund, the general fund, and the contingent fund. These the master found were funds of the council. The contingent fund was reported semiannually as an asset of the Housatonic council, and, regardless of its origin, it must be considered as property of the council and hence deemed to have been dedicated to its purposes, subject to the constitutional provisions above quoted which purport to be applicable to all funds· belonging to the council. The bonds and other assets held by the trustees also were turned over to the Knights of Pythias by the defendants Perley, Morong and Brown, in pursuance of the votes of the council.

The analysis of the source of these assets clearly indicates that they were the property of the council, subject to the conditions imposed upon it in the event of forfeiture of its charter. It is not contended that the regalia and furniture of the council are not property, subject to the condition that they be returned to the State council upon forfeiture of the charter.

The question is whether the provisions in the constitutions of the State and local councils, and in the charters granted to the latter, requiring the surrender to the State council of the funds and other property of the local council upon the forfeiture of its charter, can be enforced by law. This question was referred to but was not decided in *McCarty* v. *Cavanaugh*, 224 Mass. 521, 525. It is manifest that the acts of the local council amounted to a forfeiture of its charter. The master found that the purposes of the local, State and national organizations were identical. The funds, therefore, can be used by the State council only for the purposes for which they could have been used by the local council. The money and other property in question, accumulated from whatever sources, were held in trust by the local council and its officers to be paid over to the State council on dissolution of the local council and the forfeiture of its charter. *State Council* v. *Sharp*, 11 Stew. 24. *Knights of Pythias* v. *Germania Lodge, No. 50*, 11 Dick. 63. *State Council* v. *Enterprise Council, No. 6*, 5 Buch. 245. *State Council of the Order of United American Mechanics* v. *Hotaling*, 184 App. Div. (N. Y.) 750. In *Knights of Pythias* v. *Germania Lodge, No. 50, supra*, the subordinate council on abandonment of the organization voted to pay over its funds to a sick benefit society not connected with the order; this was held to be a breach of trust. See also *Koerner Lodge, No. 6, Knights of Pythias* v. *Grand Lodge, Knights of Pythias of Indiana*, 146 Ind. 639, 654, 655. Under the constitution in the case at bar the funds and other property can be used by the State council only for the purposes for which they could have been used by the local council.

As the money and other property of the local council was held in trust to turn over to the State council in case of disso-

lution, we need not consider whether the plaintiffs are entitled to recover by reason of the contractual relation which existed between the State and local councils. See *State Council of the Order of United American Mechanics* v. *Hotaling, supra.* The cases relied on by the defendants are distinguishable from that here considered. See *Austin* v. *Searing,* 16 N. Y. 112; *Wells* v. *Monihan,* 129 N. Y. 161; *Wicks* v. *Monihan,* 130 N. Y. 232; *State Council Junior Order of United American Mechanics* v. *Emery,* 219 Penn. St. 461. The finding that the council regalia was abandoned by the trustees was warranted. It was the duty of the trustees to turn it over to the State council; they must do so or account for its value.

No error of law is disclosed by the record.

*Final decree affirmed.*