GROSS-LOGE DES DEUTSCHEN ORDENS DER HARUGARI DES STAATES MASSACHUSETTS *vs.* ROSA CUSSON & others.

Worcester.   September 27, 1938. — October 26, 1938.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Joint Tortfeasors. Equity Pleading and Practice,* Appeal, Decree. *Voluntary Association.*

The plaintiff in a suit in equity against several defendants has a right to appeal from a final decree, charging the defendants severally, on the ground that they should have been charged jointly and severally.

Upon appeal by the plaintiff from a final decree in a suit in equity the defendant has no right to a decree more in his favor.

Members of a subordinate lodge who were bound by the by-laws and constitution both of the lodge and of a grand lodge which required

that, when the charter of the lodge was forfeited, its funds should be turned over to the grand lodge, were jointly and severally liable to the grand lodge for the amount of such funds which they had distributed among themselves pursuant to their voting to disband the lodge and make the distribution in circumstances which resulted in a forfeiture of the charter.

BILL IN EQUITY, filed in the Superior Court on May 15, 1937.

From a final decree entered by order of *Leary*, J., the plaintiff appealed.

The case was submitted on briefs.

*A. S. Allen & G. Nicholson, Jr.*, for the plaintiff.

*A. S. McLaud*, for the defendants.

Cox, J. The plaintiff appealed from a final decree which ordered each defendant who is now a party to the bill to pay it $53.26 with interest. Its "only grievance in the case at bar is as to the form of the final decree," its contention being that the decree should run against at least twenty of the individual defendants jointly and severally. The case was referred to a master whose report was confirmed by interlocutory decree. The evidence is not reported. See *MacLeod* v. *Davis*, 290 Mass. 335.

From the report it appears that the defendants were members of a voluntary association known as Germania Frauen Loge No. 14, hereinafter referred to as the Lodge, which was created by a charter issued, in 1891, by the United States Grand Lodge of the German Order of Harugari and the plaintiff. At a meeting of the Lodge on May 5, 1935, twenty-one of the twenty-three members being present, it was voted unanimously to disband the Lodge and to divide the funds then on hand among all the members. The absent members were the defendants Partenheimer and Bush. Of the twenty-three members who were joined as defendants, one has died since this vote was taken and no legal representative of hers has been joined as a party defendant. An amendment was allowed in this court changing the name of a defendant from Rosa Aisson to Rosa Cusson. The division of the funds was made, each of the twenty-three members receiving $53.26.

The Lodge ceased to function and the necessary steps were taken by the plaintiff, in accordance with the constitution and by-laws of the order, with the result that the charter of the Lodge was legally declared forfeited for justifiable cause. The constitutions of the plaintiff and of the Lodge provide that in case of forfeiture of the charter, it becomes the duty of the last installed officers to turn over to the grand lodge (the plaintiff) the charter, books, papers, equipment, and funds of the Lodge. Formal notice of forfeiture of the charter was given and formal demand was made upon the last installed officers and all other members of the Lodge that they turn over the property and funds. As a result of this demand, the charter, rituals, and Lodge seal were surrendered, but as to the funds, the treasurer of the Lodge informed the plaintiff's secretary, by letter, that "the members thought that the money belonged to them and that they had already made use of it without intent of doing anything wrong."

The master's ultimate finding is that the charter of the Lodge was legally forfeited for justifiable cause; that the funds in its treasury, at the time the vote to disband was passed, should be turned over to the plaintiff; and that, inasmuch as each defendant had received $53.26 of these funds, each of them should pay that sum to the plaintiff.

The defendants contend that the plaintiff is not a "person aggrieved," and, therefore, cannot appeal under the provisions of G. L. (Ter. Ed.) c. 214, § 19. They rely upon the case of *Donovan* v. *Donovan*, 223 Mass. 6. We think that the case at bar is plainly distinguishable and that the plaintiff was entitled to appeal from the decree. The defendants also contend that, if the appeal is properly before the court, "all inferences of fact, questions of discretion as well as questions of law involved in the final decree are now before this court for revision." The defendants, however, did not appeal, and it is not open to them to ask for a decree more favorable to themselves. *May* v. *Gates*, 137 Mass. 389. *Gray* v. *Chase*, 184 Mass. 444, 452. *Kilkus* v. *Shakman*, 254 Mass. 274, 280. *New York Life Ins. Co.* v. *Embassy Realty Co. Inc.* 289 Mass. 528. See *Szathmary*

v. *Boston & Albany Railroad,* 214 Mass. 42, 44; *Beacon Oil Co.* v. *Maniatis,* 284 Mass. 574, 577.

We see no occasion to disturb the findings of the master, and the only question remaining is whether, as a matter of law, the decree should run jointly and severally against the defendants who voted to disband the Lodge and to divide the funds, the plaintiff conceding that "it would *seem*" that the defendants Partenheimer and Bush are accountable only for the amounts received by them, inasmuch as they did not participate in the vote.

Where there are several defendants and joint liability is established, the decree should be against each and all of them. *Gray* v. *Chase,* 184 Mass. 444, 450. In that case the court said, "The defendants contend that the final decree imposes a double liability . . . but we do not understand that this is the meaning and effect of the decree. The judge of the Superior Court evidently considered both as wrongdoers, and ordered a decree against both, but as in an action at law against two wrongdoers satisfaction of a judgment against one is all that the plaintiff is entitled to, (*Corey* v. *Havener,* 182 Mass. 250,) so in equity a payment by one would discharge the other." See *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 201, 216–219.

The charter of the Lodge provided, among other things, that "this lodge shall have all rights and powers of a lodge so long as it does not violate the provisions of the constitution, and upon such violation shall forfeit charter, books, papers and all property to the Grand Lodge and such must be turned over to the same." The officers of the Lodge, in order to qualify as such, were obliged to pledge themselves "to be governed in their official conduct by the laws of the Grand Lodge and of their own Lodge, also to faithfully and conscientiously administer the property and funds of their lodge in their charge and to deliver the same . . . upon legal demand of the lodge or the Grand Lodge." All the defendants took an oath to uphold the constitution and by-laws of the Lodge and of the plaintiff, and to submit to the rules and decisions of the Lodge and of the plaintiff.

We think it follows from what has been said, that the defendants who voted to divide the funds acted wrongfully when they so voted. The subsequent distribution of the funds was predicated upon this vote. It is true that the subject matter of the vote was the distribution of money and, while the vote and subsequent division of the funds might not at law technically amount to a conversion (see *Morrin* v. *Manning*, 205 Mass. 205, 211), nevertheless, the wrongful acts of these defendants, not only in voting to divide the funds but also in causing them to be divided, amount to a joint wrong, the result of which has been to deprive the plaintiff of the funds. The fact that the defendants did not intend to do anything wrong does not help them. *Spooner* v. *Manchester*, 133 Mass. 270. *Varney* v. *Curtis*, 213 Mass. 309. We think the facts require that the decree should run jointly and severally against the defendants who voted to divide the funds. See *Tiffany* v. *Mooney*, 263 Mass. 264. Compare *Donovan* v. *Danielson*, 271 Mass. 267, 269.

The decree should be so modified as to set out that all the individual defendants, except Partenheimer and Bush, are jointly and severally indebted to the plaintiff in the sum of $1,224.98, together with interest, which should be computed at the rate of six per cent per annum from November 28, 1936; that the defendants Partenheimer and Bush are each indebted to the plaintiff in the sum of $53.26 with interest as aforesaid; and that any amounts collected from the defendants Partenheimer and Bush or either of them should be credited as payment on the total sum for which the other defendants are liable. The bill should be dismissed as against the Lodge, and the plaintiff is to have one bill of costs against all the defendants. As so modified the decree is affirmed.

*Ordered accordingly.*