WALTON T. BOYER *vs.* SHERMAN H. BOWLES & another.

Hampden. September 23, 1943. — April 27, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, & RONAN, JJ.

*Contempt. Equity Pleading and Practice,* Contempt proceedings; Decree; Interest; Master: functions. *Interest. Joint Obligation.*

A final decree in a suit in equity, directing payment of a sum without stating a time for payment, by implication requires payment forthwith.

A party, ordered by a final decree in a suit in equity to pay specified sums to a "special master" forthwith, might properly be adjudged in contempt where, being financially able to do so, he failed to make such payment, irrespective of whether interest computations made by the master according to his interpretation of the decree were correct; the master was a mere ministerial officer appointed to carry out the decree and the party was bound at his peril to obey the decree according to the meaning which the law attached to its words.

After an order for final decree directing a party to pay a specified sum with interest from a specified date, the proper practice in entering the decree is to compute the amount of interest to the date of its entry and to insert that amount therein; thereupon the party becomes bound to pay the total of the principal and the interest so stated in the decree and, under G. L. (Ter. Ed.) c. 235, § 8, interest upon that total from the date of entry to the date of payment.

A final decree ordering a party to pay a specified sum with interest from a specified date should be treated as though, in accordance with the correct practice, the interest had been computed to the date of the

entry of the decree and had been stated and added to the principal in the decree.

The question whether an additional provision should have been inserted in the final decree in a suit in equity was not open in a proceeding for contempt for disobedience of the decree.

Under a decree in a suit in equity establishing joint liability of two defendants for a specified amount and ordering one defendant to pay that amount with interest thereon from a specified date and the other defendant to pay merely the principal amount, payment by the second defendant of the principal amount with interest from the date of entry of the decree would not relieve the first defendant of his obligation under the decree to pay interest on the principal amount from the specified date to the date of entry, with interest on such interest from the date of entry.

A party to a suit in equity, who by the final decree was ordered to pay specified sums to a "special master" and was entitled to receive certain sums from the master, must make the payments ordered even though in certain events he might be entitled to repayment of all that he had paid.

BILL IN EQUITY, filed in the Superior Court on July 31, 1935.

Following the decision of this court reported in 310 Mass. 134, a final decree after rescript was entered in the Superior Court on December 11, 1941, which was in part as follows: ". . . the indebtedness of the Republican Publishing Company to the partnership of Bowles & Boyer be and hereby is established in the sum of $12,294.48, with interest from August 1, 1935; the further indebtedness of the Republican Publishing Company to said partnership be and hereby is established in the sum of $1,500; the joint responsibility of the Republican Publishing Company and Bowles to said partnership for the value of the assets of said partnership which ceased on July 13, 1935, be and hereby is established in the sum of $10,000; . . . [a named person] be and hereby is appointed special master to receive from the defendants Republican Publishing Company and Bowles the sums of money to be paid in accordance with said established indebtedness and responsibility; the Republican Publishing Company be and hereby is ordered to pay to said special master, the amounts of said established indebtedness, to wit, $12,294.48 with interest from August 1, 1935, and $1,500; the Republican Publishing Company be and hereby

is ordered to pay to said . . . special master said sum of $10,000; Sherman H. Bowles be and hereby is ordered to pay to said . . . special master the sum of $10,000 with interest on said sum from August 1, 1935; said . . . special master, after deducting his reasonable expenses and fees, be and hereby is ordered, from the monies received in accordance with the above order to pay to said Bowles the sum of $1,750; and to Walton T. Boyer the sum of $1,000; . . . [the] special master be and hereby is further ordered to add to the balance then remaining in his hands a figure of $15,671.44 (representing the amount heretofore drawn by said Boyer and therefore to be considered in ascertaining the total assets of the partnership) plus the sum of $230, (representing the amount collected by said Boyer from partnership assets receivable) and divide the total or sum so obtained in equal portions; said . . . [special master] then to pay Bowles the amount of his portion from the balance of cash remaining in . . . [the special master's] hands; and the remaining cash to said Boyer."

The "special master," as of January 9, 1942, computed the amounts payable by the defendants as follows: by the Republican Publishing Company $12,294.48, with stated interest from August 1, 1935, to December 11, 1941, and stated interest "on the whole" from December 11, 1941, to January 9, 1942; by the Republican Publishing Company $1,500, with stated interest from December 11, 1941, to January 9, 1942; by Bowles $10,000, with stated interest from August 1, 1935, to December 11, 1941, and stated interest "on the whole" from December 11, 1941, to January 9, 1942; and "the joint responsibility of the Republican Publishing Company in respect to the $10,000 item," $10,000 with stated interest from December 11, 1941, to January 9, 1942.

The defendants refused to comply with the decree "upon the following grounds, namely: 1. That the interest has been incorrectly computed by the special master . . . in that it has been compounded from December 11, 1941. 2. That the plaintiff, Boyer, should pay interest on the item of $15,671.44 from August 1, 1935. 3. That should

the Republican Publishing Company pay to said . . . special master the sum of $10,000 as ordered . . . payment of this sum by it would relieve the defendant Sherman H. Bowles from paying interest on said sum from August 1, 1935."

On May 13, 1942, the plaintiff filed a petition that the defendants be adjudged in contempt for failure to obey the decree. The petition was heard by *Giles*, J., who found "that the defendants Bowles and Republican Publishing Company have the present ability and capacity to comply with the terms of said decree, but that for the reasons above stated with reference to interest, they have refused so to do"; adjudged the defendants in contempt; and reported to this court the "question of whether the defendants are warranted in their failure to comply with said decree after rescript."

In this court the case was submitted on briefs.

*J. H. Mulcare & N. L. Snow*, for the plaintiff.

*A. T. Garvey & G. H. Madsen*, for the defendants.

LUMMUS, J. This is the aftermath of *Boyer* v. *Bowles*, 310 Mass. 134. That was a suit for an accounting between two equal partners. Boyer contributed his labor, and received advances on account of possible profits. Bowles received no advances. Bowles, in concert with the corporate defendant The Republican Publishing Company, appropriated partnership property worth $10,000. The corporate defendant owed the partnership other money.

The final decree after rescript, entered December 11, 1941, established the indebtedness of the corporate defendant to the partnership in the sum of $12,294.48, with interest from August 1, 1935, plus the sum of $1,500; established the joint liability of the two defendants to the partnership for the value of the assets appropriated, in the sum of $10,000; and ordered said sums paid to a "special master." The master, out of the money so paid him, was to retain his own fees, and pay Bowles $1,750 and Boyer $1,000. The reason for those payments does not appear in this record. The amount of the balance remaining in the hands of the master was to be added to $15,901.44, the amount

owed the partnership by Boyer, mostly for advances to him. The sum produced by the addition represented the net value of the partnership assets in which Boyer and Bowles had equal shares. The master was to pay the half due to Bowles out of the money paid to the master by the defendants, and was to pay the rest of that money to Boyer. Thus Boyer would get his half less what he owed the partnership. In addition, the defendants were ordered to pay costs directly to the plaintiff. No time being fixed for payment by the defendants, the implication was that payment was to be made forthwith.

At the request of counsel for the defendants, the master computed the amounts that he deemed them obligated to pay him under the terms of the final decree. They paid nothing, and urge as their excuse that the master's computation was erroneous. That, even if true, is no excuse. The final decree itself is the only measure of their obligation. Unlike a master appointed to hear evidence, the master in this case had no fact finding or quasi judicial functions. *Seder* v. *Kozlowski*, 311 Mass. 30, 36. He was a mere ministerial officer, like a sheriff in collecting an execution. The defendants were bound at their peril to obey the decree according to the meaning that the law attaches to its words, no matter how the master interpreted those words. Though financially able to pay according to the decree, they paid nothing. Consequently they were properly adjudged in contempt. We assume that the judge had power to report the "question of whether the defendants are warranted in their failure to comply with said decree after rescript." *Wilbur* v. *Newton*, 307 Mass. 191. But it is plain that their failure was not warranted, whatever may be the meaning of the decree with reference to the grounds of objection to the computation made by the master that are argued by the defendants.

But if those grounds of objection are considered, there is nothing in them. The final decree, it is true, is not in the best form. In an order for a final decree, it is often necessary to provide for the payment of a certain sum, with interest from a certain date, without computing the inter-

est, for the interest to the time of entry of the final decree cannot be computed until that time is known. *Davis* v. *Green,* 263 Mass. 107, 112. *Shulkin* v. *Shulkin,* 301 Mass. 184, 196. *Gross-Loge des Deutschen Ordens der Harugari* v. *Cusson,* 301 Mass. 332, 336. But in actually entering a final decree, the proper practice is to compute the interest to the time when the decree is entered and insert the amount of interest in the decree in dollars and cents. *Webster* v. *Kelly,* 274 Mass. 564, 568, 573. *Buckley & Scott Utilities, Inc.* v. *Petroleum Heat & Power Co.* 313 Mass. 498, 499, 510. Then the party ordered to pay is bound by law to pay the sum of the principal and interest stated in the final decree, with interest on that sum from the day when the final decree was entered to the day of payment. "Every judgment for the payment of money shall bear interest from the day of its rendition." G. L. (Ter. Ed.) c. 235, § 8. *Taylor* v. *Robinson,* 2 Allen, 562. *Parker* v. *Osgood,* 3 Allen, 487. *Bucknam* v. *Lothrop,* 9 Allen, 147, 148. That statute applies equally to a final decree in equity for the payment of money, and a provision in a final decree making interest run after final decree upon the sum ordered paid, whether that sum is composed in part of interest or not, is unnecessary. *East Tennessee Land Co.* v. *Leeson,* 185 Mass. 4. *Hobbs* v. *Cunningham,* 273 Mass. 529, 536.

As often happens, an attempt to save labor at the time of drafting the final decree has resulted in greater labor later. Nevertheless the meaning of the final decree is plain. Though not computed, the amount of interest to be paid was certain, on the principle that whatever can be made certain by mere arithmetic is already certain. Substantially the decree is as though the interest had been computed and stated, and added to the principal. In the absence of provision to the contrary, the rate of interest is of course six per cent per annum. G. L. (Ter. Ed.) c. 107, § 3.

The question whether Boyer should have been charged with interest on the advances made to him (*Shulkin* v. *Shulkin,* 301 Mass. 184, 187) is not now open. The final decree governs whether right or wrong, and it did not require him to pay interest. That decree cannot be modified

in proceedings for contempt. *Hamlin* v. *New York, New Haven & Hartford Railroad,* 170 Mass. 548. *Bacon* v. *Onset Bay Grove Association,* 286 Mass. 487, 491, *Prenguber* v. *Agostini,* 294 Mass. 491, 495.

For some reason the obligations of Bowles and of the corporate defendant to pay for assets wrongfully appropriated, though in nature joint, were differently stated in the final decree. The corporate defendant was ordered to pay $10,000. Bowles was ordered to pay $10,000 with interest thereon from August 1, 1935. Again the terms of the final decree govern, whether right or wrong. If the corporate defendant should pay $10,000, with interest thereon from the date of the final decree, Bowles would remain bound to pay the interest from August 1, 1935, to the date of the final decree, with interest thereon after that date. *Blair* v. *Travelers Ins. Co.* 291 Mass. 432, 438. *Gross-Loge des Deutschen Ordens der Harugari* v. *Cusson,* 301 Mass. 332, 335.

Bowles must pay the master in accordance with the decree, even though he may be entitled to repayment of all that he pays in case the decree should prove unenforceable against the corporate defendant. One purpose of payment to the master was to postpone such contingent questions until after full compliance by the defendants.

We have no occasion to pass upon the correctness of the master's computation of the amount to be paid, for nothing was submitted to his decision. The only action presented to us for determination of its correctness is the decree adjudicating the defendants to be in contempt. That decree was right.

*Decree affirmed with costs.*