JOSEPH VILELLA ET AL v. JAMES C. McGRATH ET AL.

SUPERIOR COURT    NEW HAVEN COUNTY    FILE NO. 69243

Memorandum filed February 24, 1947.

*David R. Lessler,* of Bridgeport, and *Samuel Gruber,* of Stamford, for the Plaintiffs.

*Thomas R. Robinson,* of New Haven, for the Defendants.

O'SULLIVAN, J. On January 31, 1947, at a special meeting legally called and legally conducted, Local Union No. 565 of the International Union of Mine, Mill and Smelter Workers, C. I. O., voted, by a tally of six hundred and fifty-four to four, to withdraw from the parent organization. On the following day, the International and the named plaintiff, a member of the Local, sought and obtained an ex parte temporary injunction of such extensive scope as completely to cripple the normal and essential activities of the Local. The instant motion seeks a dissolution of this injunction.

I find it unnecessary to decide whether the controversy existing between the parties is a "labor dispute" within the defini-

tion of that expression as set forth in the statute. General Statutes, Cum. Sup. 1939, § 1420e. The injunction ought to be dissolved for other reasons.

When affiliating itself with the International, the Local reserved the right to withdraw at any time, subject to the sole condition that it would "pay all of its indebtedness for supplies, per capita, initiation or reinstatement stamps, and deliver its charter, together with all record books, to the International" On January 31, it exercised this right. Its action in withdrawing from the parent organization merely severed the relations between the two bodies but did not extinguish the voluntary association of the Local's membership. *McCarty* v. *Cavanaugh,* 224 Mass. 521. The title and possession of the Local's property still remain in the members. *Grand Lodge* v. *Reba,* 97 Conn. 235, 238. Indeed, in the contract of affiliation, the International expressly agreed that, if the Local should ever withdraw, "all monies and other resources shall remain the property of the members of the Local." The result of the foregoing is that the International, in the light most favorable to it, may be a creditor of the Local and entitled to the return of the charter and certain records. But the maintaining of an injunction of any nature, let alone one of the magnitude of that now in force, is totally unnecessary to protect the creditor's status of the International.

What the International has attempted to do is to set in mo tion an equitable remedy to enforce what appears to be nothing more than a legal right. *Loew's Enterprises, Inc.* v. *International Alliance of T. S. E.,* 127 Conn. 415; 418. A strict legal right, if incompatible with the equities of the case, does not necessarily entitle one to equitable redress. *Heppenstall Co.* v. *Berkshire Chemical Co.,* 130 Conn. 485, 488.

To keep the restraining order alive would be to ignore the equities which predominate heavily in favor of the Local. The basic purpose for which the three thousand employees of The Chase Company banded together was, as expressed in their bylaws, "to protect, maintain and advance the interests of the workers coming under its jurisdiction." If it were to remain operative, the injunction would paralyze the activities of the Local, with consequences which, to say the least, might prove to be highly detrimental to the membership, in whole or in part, while on the other hand, the collection of a possible debt and the return of the charter and certain records suggest mighty

little upon which to base an equity of any nature. A writ of attachment should provide effective machinery to secure whatever protection the International wishes.

I am satisfied that the existing temporary injunction is oppressive and unnecessary. Accordingly, it is dissolved.

The accompanying motion in the above entitled matter and the proceedings had thereon are hereby certified to the Superior Court at New Haven.